**(Tony) Eugene JOHNSON, Petitioner,**

v.

**The UNITED STATES PAROLE COMMISSION (Carol Wilson Muller) and Warden A.F. Beeler, MCC, Chicago, Illinois, Respondents.**

No. 88 C 5869.

United States District Court, N.D. Illinois, E.D.

Oct. 13, 1988.

Tony Eugene Johnson, pro se.

Anton R. Valukas, U.S. Atty. by Jeanne M. Witherspoon, Asst. U.S. Atty., Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

Petitioner, who is being detained pursuant to a parole violator warrant, has asked this court for habeas corpus relief. For the reasons stated herein, the court denies petitioner's petition for a writ of habeas corpus.

## I. FACTS

On April 22, 1982, petitioner (Tony) Eugene Johnson was convicted of distributing controlled narcotic drugs and sentenced to seven years in prison. Johnson was released in June 1985. While still on parole, Johnson was arrested by the Chicago Police Department on October 17, 1987 for possession of controlled substances with intent to distribute. Subsequently, on April 18, 1988, the United States Parole Commission ("Commission") issued a parole violator warrant for Johnson's arrest. The warrant application charged Johnson with violating eight conditions of his parole.[1] On May 13, 1988, Johnson was taken into federal custody pursuant to the parole violator warrant.

Following Johnson's incarceration, the Commission prepared to hold parole revocation proceedings, commencing with a preliminary interview scheduled for June 14, 1988. The United States Probation Office appointed a federal defender to represent Johnson at his preliminary interview. On the day of the interview, however, Johnson requested a continuance for thirty days due to his dissatisfaction with his appointed attorney. The Commission rescheduled the interview for July 14, 1988, and the Probation Office appointed a second federal defender. Shortly thereafter, Johnson fired his new attorney, necessitating the appointment of a third federal defender to represent Johnson. The third attorney's trial schedule forced postponement of the July 14 interview. The Commission then decided to combine Johnson's preliminary interview with his final revocation hearing. The Commission notified Johnson that this consolidated hearing was scheduled for August 12, 1988. On that date, Johnson and his attorney again requested a continuance to allow additional time to prepare a defense. Currently, Johnson is scheduled for a hearing in October 1988.

## II. DISCUSSION

Johnson now petitions for a writ of habeas corpus ordering his release from federal custody. He bases his petition on five grounds: due process; ineffective assistance of counsel; double jeopardy; the right to bail; and the insufficiency of probable cause.

### A. *Due Process*

Johnson bases his due process argument on the fact that six months have passed since he was taken into federal custody on a parole violator warrant. During this time, the Commission has not held a preliminary hearing to determine if federal officials had probable cause to arrest Johnson. Based on the Commission's failure to provide him with a preliminary hearing, Johnson contends that the Commission has violated his right to due process.

Following a federal parolee's arrest for an alleged parole violation, federal law requires that parole officials conduct a preliminary hearing to determine if there is probable cause to believe that the parolee has violated a condition of his parole. This

---

1. The Commission's warrant application charged Johnson with violating his conditional parole by: (1) committing the offense of possession of controlled substances with intent to deliver; (2) leaving the district without permission; (3) failing to report his arrest; (4) falsifying a written monthly supervision report; (5) possessing unauthorized narcotic drugs; (6) associating with persons engaged in criminal activities; (7) using unauthorized narcotic drugs; and (8) failing to appear in court.

hearing must take place at or reasonably near the place of the arrest without unnecessary delay. 18 U.S.C. § 4214(a)(1)(A). The statutory requirement of a preliminary hearing merely reaffirms a parolee's constitutional right to a reasonably prompt disposition of all charges against him. Nonetheless, a delay in holding a hearing does not necessarily amount to a constitutional violation. In determining whether a defendant's Fourteenth Amendment right to a speedy trial has been denied, the Supreme Court has set out four factors to be considered: the length of the delay, the reasons for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972). No single factor is either a necessary or sufficient condition for finding a deprivation of a constitutional right. Each should be considered together with the relevant circumstances "in a difficult and sensitive balancing process." *Id.* at 533, 92 S.Ct. at 2193. Therefore, in order to determine if the Commission has violated Johnson's due process rights, the court must evaluate Johnson's claim in light of the four *Barker* factors. *See United States ex rel. Sims v. Sielaff,* 563 F.2d 821, 828–29 (7th Cir.1977).

■ In the six months that have elapsed since Johnson's arrest by federal officials, the Commission has scheduled three preliminary hearings. Due to Johnson's repeated requests for postponement, the Commission has canceled all three hearings. Applying the *Barker* analysis to an analogous case involving parole revocation, the Seventh Circuit concluded that any delay caused by a parolee's own postponement requests was "perfectly reasonable" and did not violate the parolee's due process rights. *Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir.1982), *cert. denied*, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1013 (1983). In the instant case, as in *Hanahan,* the Commission acted reasonably in postponing parole revocation hearings at the parolee's request. Johnson simply cannot assert a due process claim against the Commission when he himself has created the delay of which he complains.

### B. *Ineffective Assistance of Counsel*

■ Johnson also claims that the first attorney appointed to represent him, Daniel Martin, failed to appear at his June 14 preliminary hearing, thereby depriving Johnson of his Sixth Amendment right to effective assistance of counsel. The record, however, does not support Johnson's portrayal of the facts. In his written request for a 30–day postponement of the June 14 hearing, which he submitted to parole officials just before the hearing was scheduled to begin, Johnson indicated that he had already fired Martin. Moreover, the Commission did not hold a preliminary hearing on June 14, but instead granted Johnson's request for a 30–day postponement. Thus, Martin's failure to appear on June 14 did not prejudice Johnson's case in any way. In fact, Johnson fired Martin before the attorney even had an opportunity to prejudice his client's case. Because Martin's performance did not prejudice Johnson's defense, Johnson has failed to state a claim for ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067–68, 80 L.Ed. 2d 674 (1984).

### C. *Double Jeopardy*

■ Johnson observes that the parole violator warrant charged him with some of the same offenses to which he previously pled guilty. Based on this observation, Johnson contends that the warrant violates the double jeopardy clause of the Fifth Amendment. The double jeopardy clause, however, does not apply to parole revocation proceedings. *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir.1986). Consequently, the court must reject Johnson's double jeopardy claim.

### D. *The Right to Bail*

■ In seeking release from federal custody, Johnson argues that the Commission improperly denied him bail pending his final revocation hearing. Johnson apparently believes that the Constitution guaran-

tees him a right to bail. In fact, a parolee has no constitutional right to release or bail before a revocation hearing. *Luther v. Molina,* 627 F.2d 71, 76 n. 10 (7th Cir.1980). Congress has entrusted the Commission with broad discretion to imprison parolees pending revocation. Therefore, a court should grant bail to a parolee only in very extreme circumstances—i.e., when the parolee shows that the Commission has failed to comport with due process or statutory requirements. *Id.* at 76; *Argro v. United States,* 505 F.2d 1374, 1377–78 (2d Cir. 1974). Johnson has failed to establish the existence of any extreme circumstances that would justify bail in his case.

### E. *Probable Cause*

■ Finally, Johnson argues that the Commission based the parole violator warrant on erroneous information. He contends that this court should issue a writ of habeas corpus because federal officials arrested him without probable cause. Before Johnson can become eligible for habeas corpus relief, however, he must exhaust his administrative remedies before the Commission. *See United States v. Mittelsteadt,* 790 F.2d 39, 41 (7th Cir.1986). Clearly, Johnson has not exhausted his administrative remedies. In fact, his requests for postponement have only impeded the Commission's efforts to hold a probable cause hearing. In light of the exhaustion requirement, this court cannot even consider Johnson's challenge to the validity of his arrest until the Commission makes its own assessment of probable cause.

### III. CONCLUSION

For the foregoing reasons, this court hereby denies Johnson's petition for a writ of habeas corpus.

IT IS SO ORDERED.