905 F.2d 1538
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis MCDANIEL, Petitioner-Appellant,
v.
UNITED STATES of America, U.S. Attorney General's Office;
U.S. Parole Commission; U.S. Bureau of Prisons; Richard
Thornburgh, U.S. Attorney General; Benjamin F. Baer,
Commissioner of the U.S. Parole Commission; G. Mackenzie
Rast, Southeast Regional Director, U.S. Parole Commission;
J. Michael Quinlan, Director, U.S. Bureau of Prisons; Clair
A. Cripe, General Counsel, U.S. Bureau of Prisons; Bill R.
Story, Warden, Federal Correctional Institution, Ashland,
Kentucky; M.W. Hillebrand, Administrative Systems Manager,
F.C.I. Ashland, Kentucky, Respondents-Appellees.
 No. 89-6225.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Dennis McDaniel, an inmate at F.C.I. Ashland, Kentucky, appeals the order of the district court dismissing his complaint pursuant to 28 U.S.C. Sec. 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, habeas corpus relief, a declaratory judgment and injunctive relief, Dennis McDaniel brought suit claiming that he had improperly been denied credit against his sentence for time spent on parole. The district court adopted the magistrate's report and recommendation that McDaniel's complaint be dismissed sua sponte as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Claims which lack an arguable basis in law include "claims of infringement of a legal interest which clearly does not exist...." 109 S.Ct. at 1833. McDaniel's claim lacks an arguable basis in law because the loss of street time is mandatory in his situation. See 18 U.S.C. Sec. 4210(b)(2); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 110 S.Ct. 161 (1989).
 
 
 4
 Accordingly, we hereby affirm the order of the district court for the reasons set forth in the magistrate's report and recommendation dated May 25, 1989, as adopted by the district court on September 8, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.