915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Clay LAWSON, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 90-1043.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas Clay Lawson, a pro se federal prisoner, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lawson was released on parole on January 20, 1984, while serving a ten-year sentence for receiving stolen property transported in interstate commerce. Following an October 1984 conviction for driving while intoxicated (DWI), Lawson received a letter of reprimand from the United States Parole Commission. The letter ordered him to participate in an alcohol treatment program and warned that his failure to do so would result in an arrest warrant based on the DWI conviction.
 
 
 4
 Lawson failed to complete the program. In July 1985 he was indicted by the state of Ohio for receiving stolen property (RSP) and was again ordered into a treatment program. Finally, after evidence was discovered in October 1985 that Lawson had used marijuana in violation of his parole, he was arrested pursuant to a parole violator warrant that cited the DWI conviction, the RSP indictment, and the unauthorized use of narcotics.
 
 
 5
 After a hearing, Lawson's parole was revoked, his credit for street time was forfeited, and he was ordered to serve twenty-two months in prison before reparole. Because of his subsequent acquittal on the state RSP charge, his time to be served before reparole was reduced to sixteen months. This decision was affirmed by the National Appeals Board.
 
 
 6
 Lawson filed a petition for a writ of habeas corpus claiming that the Commission forfeited his street time in violation of his constitutional and statutory rights and in violation of the Commission's internal procedures. The district court denied the writ, finding that the Commission acted within its statutory and regulatory authority. The court found that the warrant's inclusion of a conviction over one year old was of no consequence in light of the Commission's attempt to exhaust other available alternatives before seeking revocation of parole.
 
 
 7
 On appeal, Lawson argues that: (1) use of the DWI conviction in the warrant violated his rights to due process and a speedy trial, (2) forfeiture of his street time without prior notification that this was a possible result of the DWI conviction violated his right to due process, (3) issuance of the letter of reprimand without a preliminary hearing violated his right to due process, and (4) forfeiture of his street time subjected him to serving the time twice. In his brief, Lawson requests the appointment of counsel.
 
 
 8
 Lawson's arguments concerning speedy trial, prior notification of possible street time forfeiture, preliminary hearing prior to reprimand, and double jeopardy were not raised before the district court and are therefore not reviewable on appeal. Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 9
 Lawson was accorded his due process right to a revocation hearing. Morrissey v. Brewer, 408 U.S. 471, 485-89 (1972). The parole violator warrant was issued less than a month after discovery of Lawson's unauthorized use of narcotics; it thus was in compliance with 18 U.S.C. Sec. 4213(b) (repealed effective November 1, 1986).
 
 
 10
 The Commission's internal procedures, which do not absolutely preclude the use of a conviction over one year old, do not have the force of law and create no enforceable rights. See, e.g., Lynch v. United States Parole Commission, 768 F.2d 491, 497 (2d Cir.1985); United States v. Thompson, 579 F.2d 1184, 1189 (10th Cir.), cert. denied, 439 U.S. 896 (1978).
 
 
 11
 Finally, Lawson's conviction of a new offense punishable by imprisonment justified the forfeiture of street time credit. See 18 U.S.C. Sec. 4210(b)(2) (repealed effective November 1, 1986); 28 C.F.R. Sec. 2.52(c)(2); Munguia v. United States Parole Commission, 871 F.2d 517, 518 (5th Cir.), cert. denied, 110 S.Ct. 161 (1989).
 
 
 12
 Accordingly, the request for counsel is denied and the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.