966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Allen MORGAN, Petitioner-Appellant,
v.
Gary ZILLI, Respondent-Appellee.
 No. 91-1928.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisioner appeals the district court's order granting in part and denying in part his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Allen Morgan was paroled in February 1985 from an eight year, six month sentence imposed in 1981. In September 1985, Morgan pleaded guilty to a charge of disorderly conduct. His probation officer recommended alcohol aftercare treatment rather than parole revocation. In January 1987, Morgan was further ordered by the Parole Commission to seek treatment to overcome a cocaine addiction. In September 1988, after Morgan advised his probation officer that remedial efforts were not effective, a parole violator warrant was issued. A parole revocation hearing was convened; the Commission revoked parole and refused to credit Morgan with time spent on parole due to his conviction as a disorderly person.
 
 
 3
 In his petition for a writ of habeas corpus, Morgan complained that the Commission unlawfully forfeited credit for time spent on parole between the date of his conviction and the date the parole violator warrant was issued. Morgan maintained that the only time subject to forfeiture was the time between his release from prison and the conviction as a disorderly person. He requested that the district court order the Commission to properly credit him and release him from his sentence, which, by his calculation, would have expired.
 
 
 4
 The district court determined that the Commission abused its discretion when it determined that forfeiture of street time was automatic and not a matter of discretion. The district court ordered the Commission to conduct a new revocation hearing.
 
 
 5
 Upon review, we conclude that Morgan received the only relief, if any, to which he was entitled. See Rizzo v. Armstrong, 921 F.2d 855, 859-60 (9th Cir.1990). Moreover, the district court's refusal to limit the time subject to forfeiture is well supported. Munguia v. United States Parole Comm'n, 871 F.2d 517, 518 (5th Cir.), cert. denied, 493 U.S. 856 (1989). There is no support for his argument that the time remaining should be affected by the intervening conviction, other than a determination whether the time remaining run consecutively or concurrently to the sentence imposed on the new conviction. See 18 U.S.C. § 4210(b)(2).
 
 
 6
 Moreover, the "delay" between the conviction and issuance of the warrant resulted from efforts to aid Morgan and prevent his return to prison. Under these circumstances, the apparent delay did not prejudice Morgan or deny him his rights of due process. See Cortinas v. United States Parole Comm'n, 938 F.2d 43, 45 (5th Cir.1991); Munguia, 871 F.2d at 518.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.