19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Franklin HOLMES, III, Petitioner-Appellant,
v.
BUREAU OF PRISONS; U.S. Parole Commission, Respondents-Appellees.
 No. 93-6392.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: NELSON, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 David Franklin Holmes, III appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The background facts are adequately set forth in the magistrate judge's report and recommendation and will not be repeated herein. Suffice it to say that Holmes challenged certain actions taken by the United States Parole Commission in revoking his parole. Specifically he claimed: 1) that his release on April 27, 1990, was not the result of parole pursuant to 18 U.S.C. Sec. 4205(a), but that it was pursuant to 18 U.S.C. Sec. 4164; 2) that the parole violator's warrant was issued in an untimely manner in violation of 18 U.S.C. Sec. 4213; and 3) that the Parole Commission violated 18 U.S.C. Sec. 4210(b) by extending his full term expiration date from August 27, 1992, to December 1, 1994.
 
 
 3
 The matter was referred to a magistrate judge who recommended that the petition be denied as meritless. The magistrate judge held: 1) that Holmes was released on parole pursuant to 18 U.S.C. Sec. 4205(a) and that the Parole Commission retained jurisdiction over him up to his full term of expiration date of August 27, 1992, and therefore, it had the authority to issue the parole violator's warrant; 2) that the parole violator's warrant was timely issued; and 3) that there was no violation of Holmes's constitutional rights by the continuation of his expiration date from August 27, 1992, to December 1, 1994. The district court adopted the report and recommendation after reviewing Holmes's objections.
 
 
 4
 Upon review, we affirm the district court's order for the reasons stated by that court. Holmes's claim that he was released pursuant to 18 U.S.C. Sec. 4164 is contradicted by the documents he submitted with his petition. According to the April 27, 1990, Sentencing Monitoring Computation Data Sheet submitted with Holmes petition, his statutory good time release date would have been May 5, 1991. Since Holmes was released on April 27, 1990, it is clear that he was released on parole pursuant to 18 U.S.C. Sec. 4205(a) (repealed effective November 1, 1986), rather than 18 U.S.C. Sec. 4164 (repealed effective November 1, 1986). Consequently, his full term date remained August 27, 1992, and the Parole Commission retained jurisdiction over him until that date. It follows then that the Parole Commission had the authority to issue the parole violator's warrant against Holmes.
 
 
 5
 The parole violator's warrant was issued in a timely manner. The warrant was based on a combination of factors including criminal conduct committed by Holmes in April 1991, as well as Holmes's failure to report to his parole officer on March 3, April 7, May 5 and June 2, 1992, and his failure to submit supervision reports to his parole officer for the months of April and May 1992. As the district court correctly stated, throughout 1991 and early 1992, Holmes's parole officer was attempting to give Holmes the benefit of the doubt, and it was only when Holmes continually failed to report during March, April, May and June 1992, that the parole officer recommended that the warrant be issued. The warrant, which was applied for on June 24, 1992, was issued on July 1, 1992, and executed on August 1, 1992. Since the warrant was issued prior to the expiration of Holmes's parole supervision date of August 27, 1992, it was timely.
 
 
 6
 Finally, the Parole Commission was within its considerable discretion when it continued Holmes's full term expiration date from August 27, 1992, until December 1, 1994. Holmes's conviction of a new offense punishable by imprisonment justified the forfeiture of street time credit. See 18 U.S.C. Sec. 4210(b)(2) (repealed effective November 1, 1986); 28 C.F.R. Sec. 2.52(c)(2); Munguia v. United States Parole Commission, 871 F.2d 517, 521 (5th Cir.), Cert. denied, 493 U.S. 856 (1989). While Holmes's full term date was extended, the amount of time he will actually serve in federal custody will not exceed his original five year sentence, and therefore, does not violate 18 U.S.C. Sec. 4210(b)(2).
 
 
 7
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.