**Robert CHILCOTE, Petitioner,**

v.

**FEDERAL BUREAU OF PRISONS, Respondent.**

No. 1:94–CV–201.

United States District Court, N.D. Indiana, Fort Wayne Division.

Aug. 4, 1994.

**344**

Mitchel Hicks, Wagoner Ellis Kiefer, Fort Wayne, IN, for petitioner.

David H. Miller, U.S. Attys. Office, Fort Wayne, IN, for respondent.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the petitioner's motion for release on bond pending the disposition of petitioner's habeas corpus petition and on Chilcote's Petition for Writ of Habeas Corpus. On June 28, 1994, Chilcote filed a Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. §§ 2241, 2242 and 2255. On June 29, 1994, the court issued an order requiring the government to respond to the petition within thirty days. On July 1, 1994 the petitioner filed a Petition to Establish Bond. The petitioner filed his Memorandum in Support of his Petition to Establish Bond on July 13. On July 11, the government filed a response to both the Petition for Writ of Habeas Corpus and the Petition to Establish Bond. On July 14 the court held a hearing on the bond issue and

the government filed a supplemental brief in opposition to the bond issue on July 15. The court held an additional hearing on July 21, 1994 in order to clarify the issues in the case and to hear argument on the habeas corpus petition. Supplemental briefs have been filed by both parties. The issues of bond and habeas corpus release are now ripe for disposition. For the following reasons, the motion to establish bond and the habeas corpus petition for release are both DENIED.

### Background

Chilcote was released to parole by the United States Parole Commission on October 11, 1991. His term of parole was to expire June 10, 1994. On May 24, 1994, the Parole Commission issued a Parole Violator warrant for petitioner's arrest based on reports from his probation officer that he had violated the terms of his parole. Chilcote was subsequently arrested and is being held in the Chicago Metropolitan Correctional Center. The Parole Commission held a preliminary hearing on June 9, 1994, and a recommendation of a finding of probable cause that petitioner had violated the terms of his parole was returned to the Parole Commission.

Chilcote has petitioned the court to establish bond for his release pending the resolution of his petition for Writ of Habeas Corpus. Chilcote has also asked the court for his release pursuant to his habeas corpus petition. Petitioner alleges he is being held illegally by the Federal Bureau of Prisons because he is being held beyond the date of the termination of his parole, June 10, 1994, and without revocation of his parole. In response, the government argues the Parole Commission has the right to hold a parolee who has violated the terms of his parole until the Commission finishes its revocation proceedings. In reply, the petitioner contends the Parole Commission's jurisdiction over a parolee expires upon termination of the parole term less one hundred eighty days unless the parolee is convicted of a criminal offense punishable by imprisonment, pursuant to 18 U.S.C. § 4210. Because the petitioner has not been convicted of such an offense, he argues the Parole Commission no longer has jurisdiction over him and he is

entitled to release. Upon a review of the case law and relevant statutes and guidelines, the court finds the petitioner is not entitled to bond, nor is he entitled to release under his petition for a writ of habeas corpus.

### Discussion

The procedures for federal parole are set forth in the Parole Commission and Reorganization Act, 18 U.S.C. § 4201, et seq. Regulations have also been promulgated by the United States Parole Commission regarding revocation and parole proceedings in 28 C.F.R. §§ 2.44, et seq. The Seventh Circuit has held "Congress intended to give the Parole Commission great latitude in making decisions relative to [parole] revocation." *Luther v. Molina*, 627 F.2d 71, 75 (7th Cir. 1980).

■ With respect to habeas corpus relief for parolees arrested on violator warrants, including release and bail, the Seventh Circuit has stated "courts must grant such relief only in extremely limited cases." *Id.* The Court held the writ is available for release only from illegal detention, stating "[i]mprisonment of parolees pending revocation is committed to the Parole Commission's discretion; therefore, generally this incarceration must be regarded as legal." *Id.* Moreover, a parolee awaiting a revocation hearing has no constitutional right to bail; bail is only justified in extreme circumstances. *Johnson v. United States Parole Commission*, 696 F.Supp. 395 (N.D.Ill.1988), *aff'd*, 886 F.2d 1318 (7th Cir.1989).

This holding does not necessarily foreclose release for a parolee who has been arrested on a violator warrant. As stated previously, a habeas petitioner may be entitled to relief if his incarceration is illegal. The Seventh Circuit has outlined two situations where release may be granted during the pendency of parole revocation proceedings. *Luther v. Molina*, 627 F.2d at 76. The first situation is where the incarceration itself does not comport with the constitution or statutes. *Id.* The second is where the petitioner attacks some other aspect of the revocation procedure as unconstitutional. *Id.*

■ The petitioner relies upon the first situation as his basis for release: Chilcote alleges his incarceration does not comport with the constitution. Chilcote raises three arguments in support of his assertion that his incarceration is illegal.[1] Petitioner's first argument is that the Commission's jurisdiction over him expired on June 10, 1994, and therefore, the Commission may not incarcerate him beyond that date. Chilcote contends the only exception to the expiration of the Commission's jurisdiction, according to 18 U.S.C. § 4210, is if the parolee has absconded or committed a crime. Because the petitioner contends he is being held beyond the expiration date of his parole term when he has not been convicted of a crime, he argues his further detention is illegal. In response, the government argues § 4213 authorizes the issuance of a warrant and subsequent retaking of a parolee who has violated the terms of his parole.

18 U.S.C. § 4210 states as follows:

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that—

\* \* \* \* \* \*

---

1. At the hearing on July 21, 1994, Chilcote also offered the case of *Barrier v. Beaver*, 712 F.2d 231 (6th Cir.1983), in support of his petition for release. However, Chilcote neglected to discuss this case in his supplemental brief filed after the hearing, as requested by the court.

The government discussed the case in its supplemental brief and argued that the case actually supports the government's position. Upon review of the case, the court finds *Barrier* does not support Chilcote's petition for release. The issue in *Barrier* was whether the Parole Commission had authority to issue a second parole violator warrant after the expiration of the maximum term. As will be discussed *supra*, the warrant in the present case was timely issued. Furthermore, consistent with the Seventh Circuit cases discussed *supra*, the court in *Barrier* found the commission has jurisdiction to hold a parole revocation hearing after the expiration of the parolee's maximum term. 712 F.2d at 237. Clearly this holding bolsters the government's position, not Chilcote's.

(2) in the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole, and such offense is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine ... whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

(c) In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the commission may be extended for the period during which the parolee so refused or failed to respond.

Clearly, the plain language of the statute states the Commission retains jurisdiction over a parolee until the expiration of his maximum term, which in this case was June 10, 1994.

During the time the Commission has jurisdiction over a parolee, the Commission is authorized to exercise its jurisdiction. § 4213 relates to the means by which the Commission may exercise its jurisdiction and states as follows:

**Summons to Appear or Warrant for retaking of parolee**

(a) If any parolee is alleged to have violated his parole, the Commission may—

(1) summon such parolee to appear at a hearing conducted pursuant to § 4214; or

(2) issue a warrant and retake the parolee as provided in this section.

(b) Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary....

Title 18 U.S.C. § 4213. Furthermore, the Parole Commission has stated that the issuance of a parole violator's warrant operates to bar the expiration of the parolee's sentence. 28 C.F.R. § 2.44(d). The Seventh Circuit has affirmed the Parole Commission's authority to detain a parolee, arrested on a violator warrant, after the expiration of the term of parole and until it has rendered a parole revocation decision, as long as the parole violator warrant was issued prior to the expiration of the term of parole. *Martin v. Luther,* 689 F.2d 109, 114 (7th Cir.1982). In the present case, the parole violator warrant was issued on May 24, 1994 prior to the expiration of Chilcote's term, which was June 10. Accordingly, the Commission may detain the petitioner beyond June 10 and Chilcote's argument that he is being held illegally because his term of parole has expired is without merit.

■ In his second argument, the petitioner contends the parole violator warrant must be issued within the maximum term *less* one hundred eighty days, citing 28 C.F.R. § 2.44(2)(c). Petitioner contends that the warrant issued in his case was untimely because it was not issued 180 days prior to the end of his term of parole.

In response, the government maintains the petitioner has misread the regulation. The government asserts, according to the terms of the C.F.R., the 180 day "grace period" applies only to "a prisoner released as if on parole under 18 U.S.C. 4164". The government contends § 4164 refers to mandatory releasees, not parolees such as Chilcote. Therefore, the government maintains the Commission retained jurisdiction over Chilcote until the expiration of his full term, or June 10.

28 C.F.R. § 2.44(c) reads as follows:

A summons or warrant may be issued only within the prisoner's maximum term or terms except that in the case of a prisoner released as if on parole pursuant to 18 U.S.C. 4164, such summons or warrant may be issued only within the maximum term or terms, less one hundred eighty days.

Title 18 U.S.C. § 4164, states as follows:

§ 4164. Released Prisoner as Parolee

A prisoner having served his term or terms less goodtime deductions shall, upon release, be deemed as if released on parole until the expiration of his maximum term or terms for which he was sentenced less one hundred and eighty days.

As indicated by this section, released prisoners are treated differently depending on whether they are released on parole or are mandatorily released and *treated as* parolees. Those released on parole are prisoners who have served a minimum term of imprisonment, have applied for parole and in whose favor the Commission has exercised its discretion in granting parole. *See* 18 U.S.C. §§ 4201, 4205–06, and 28 C.F.R. §§ 2.2 and 2.11. Over these prisoners released on parole, the Commission retains jurisdiction until the end of the maximum term. 18 U.S.C. § 4210(b).

In contrast, mandatory releasees are those who have served their term or terms, less good-time deductions. 18 U.S.C. § 4164. These prisoners are deemed "as if released on parole until the end of their maximum term", less one hundred and eighty days. *Id.* These releasees have not been released on parole by application to the Commission, as described above. The Commission's jurisdiction over these mandatory releasees expires at the expiration of the maximum term minus one hundred eighty days, as required by the statute, 18 U.S.C. § 4210(b)(1). The government has submitted petitioner's Certificate of Parole, issued by the Parole Commission. The Certificate establishes the Commission exercised its discretion to grant Chilcote parole. Therefore, the government has established that Chilcote is *not* a mandatory releasee under § 4164, but is a prisoner released on parole.

Accordingly, petitioner's second argument, that the warrant was not timely, necessarily fails because the one hundred eighty day "grace period" for expiration of the Commission's jurisdiction only applies to mandatory § 4164 releasees and does not apply to those released on parole, such as the petitioner. Because Chilcote is a prisoner released on parole, the Commission retained jurisdiction over him until the end of his term, as dictated by his Certificate of Parole. The parole violator warrant was timely because it was issued before the end of Chilcote's parole term and during the time period the Commission had jurisdiction. Therefore, petitioner's second argument is rejected.

■ Petitioner asserted his third argument in his most recent supplemental brief, filed on July 26, 1994. Petitioner argues any further detention by the United States Bureau of Prisons is illegal, regardless of any parole violations he may have committed, because he has finished serving the time required under the terms of his Special Parole. Petitioner argues he is entitled to credit for the time he spent on Special Parole status from May 2, 1989 until May 15, 1991, when he was arrested for violation of his parole terms. Petitioner also maintains he is entitled to credit from the time he was reparoled, October 11, 1991, until May 24, 1994, when he was again arrested for parole violations. The total time to be credited to the petitioner is allegedly fifty-four months. Petitioner asserts he was initially required to serve thirty-six months and therefore, he has fulfilled his sentence and is entitled to release, citing *Munguia v. United States Parole Com'n,* 871 F.2d 517, 521 (5th Cir.1989). Petitioner argues the Commission failed to credit him with street time which violates the terms of 28 C.F.R. 2.52.

In response, the government contends the issue of the Parole Commission's previous revocation of petitioner's "street time" is not properly before the court at this time. The government argues the Parole Commission revoked petitioner's "street time", that is the Commission denied him credit for time previously served on parole, at a prior administrative parole revocation proceeding. However, the government contends Chilcote's "street time" was properly forfeited pursuant to Title 21 U.S.C. § 841(c) and *Cortinas v. United States Parole Com'n,* 938 F.2d 43, 46 (5th Cir.1991) (interpreting *Munguia* ).

Upon a review of the cases cited, the court finds *Munguia* supports the government's position in the present case. The issue in *Munguia* was "whether the Parole Commission deprived Munguia of his 'street time' without due process of law by failing to give him prehearing notice that if his special pa-

role term was revoked on the basis of administrative violations, the Commission could apply an earlier shoplifting conviction against him to deny him street time." *Munguia*, 871 F.2d at 519. The court in *Munguia* interpreted the relevant statute in the case, Title 21 U.S.C. § 841. The court found, under § 841(c), "loss of street time is an immediate and mandatory consequence of [parole] revocation." *Id.* at 520. Accordingly, the court denied the petitioner's habeas corpus request.

Applying *Munguia* to Chilcote's case, the applicable statute governing revocation of petitioner's special parole term is Title 21 U.S.C. § 841, which is the special parole provision of the Drug Abuse Prevention and Control Act of 1970. Title 21 U.S.C. § 841, states in part, as follows:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense with intent to manufacture, distribute or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

\* \* \* \* \* \*

(c) **Special Parole Term** [2]

A special parole term imposed under this section or section 845, 845a or 845b of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. . . .

Under the statute, loss of credit for "street time" or time served on special parole status, is an "immediate and mandatory conse-

quence of [parole] revocation, linked inextricably in the words of the statute with revocation itself." *Munguia*, 871 F.2d at 520. In the present case, Chilcote lost credit for his "street time" or time he served on special parole status from May 1989 to May 1991 because his parole was revoked. Loss of credit for this time is a mandatory consequence of revocation under 21 U.S.C. § 841(c), regardless of whether revocation was prompted by mere administrative violations or an actual conviction for a criminal offense. The Parole Commission committed no error by refusing to credit Chilcote with this time.

Chilcote argues 28 C.F.R. 2.52 applies to him, not § 841(c). 28 C.F.R. 2.52 requires the Commission to credit a parolee for time served under supervision when his parole is revoked, *unless* the parolee has been convicted of a crime punishable by imprisonment. Chilcote contends he has not been convicted of any crime and therefore must be credited with his time spent on supervision. However, 28 C.F.R. 2.52 applies only to ordinary parolees, not those convicted of drug related offenses under Title 21, U.S.C. § 841. *Munguia*, 871 F.2d at 520. As stated by the Fifth Circuit, "the explicit provision in section 841(c) that defendants whose [special parole term] is revoked automatically forfeit their street time, clearly embodies a congressional policy that certain drug offenders should receive more stringent punishment than other defendants." *Id.*

Based on the facts of his conviction, § 841(c) applies to Chilcote. On June 1, 1981 Chilcote was convicted of several cocaine-related offenses, all of which fall under § 841. He was sentenced on June 30, 1981 to a six year aggregate term of imprisonment plus a three year term of special parole. The terms related to revocation of special parole under § 841(c) apply to Chilcote based on his underlying offense of conviction. Chilcote had notice of his special parole status under § 841 because the Certificate of Parole he received upon his release to supervision on May 2, 1989 clearly stated he was released to

---

**2.** Although this section was repealed, it remains applicable to offenses committed prior to November 1, 1987.

"Special Parole ... in accordance with the Drug Abuse Prevention and Control Act, 21 U.S.C. 801, et seq." *See* Govt. Ex.C. Accordingly, under § 841(c) Chilcote forfeited credit for the time spent on supervision from 1989 through 1991 and the Parole Commission did not err in failing to credit him with this time. Chilcote's final argument is rejected.

### Conclusion

For the foregoing reasons, the petitioner's motion to establish bond pending disposition of his habeas corpus motion is DENIED. In addition, Chilcote's petition for writ of habeas corpus is DENIED.