IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-11032
Summary Calendar
_____

ARTHUR F. WEPPNER,

Petitioner-Appellant,

versus

U.S. PAROLE COMM'N,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(4:95-CV-546-A)
- - - - - - - - - -
July 1, 1996

Before JOHNSON, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Arthur F. Weppner appeals the denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Weppner contends: that mandatory releasees are different from parolees for purposes of revocation of "street time"; that the Parole Commission may not forfeit "street time" earned by a mandatory releasee; that the Parole Commission impermissibly lengthened his sentence in violation of Article III of the Constitution when it

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

forfeited his "street time"; and that his Missouri careless-driving offense was not the type of offense on which the Parole Commission could base the revocation of "street time."

We have reviewed the record and the briefs of the parties and we find no reversible error regarding whether the Parole Commission could forfeit a mandatory releasee's "street time." Accordingly, we affirm the judgment on those contentions essentially for the reasons provided by the district court. *See Weppner v. USPC*, No. 4:95-CV-546-A (N.D. Tex. Sep. 28, 1995).

We review Weppner's contentions, raised for the first time on appeal, that the Parole Commission violated Article III and that his offense was not the type allowing for forfeiture of his "street time" for plain error. *See Highlands Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1032 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 903 (1995). The Commission did not extend Weppner's sentence; rather, the Commission forfeited his street time, as it was entitled to do. *Munguia v. USPC*, 871 F.2d 517, 521 (5th Cir.), *cert. denied*, 493 U.S. 856 (1989). Weppner's admission that his careless-driving offense carried a maximum 90-day jail term dooms his contention that his offense was not of the type allowing for forfeiture. The statutory scheme contemplates forfeiture of street time for any offense punishable by imprisonment. *Id*.

AFFIRMED.