IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10044
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD WAYNE JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-119-1-A
--------------------
March 25, 2002

Before DAVIS, DUHÉ, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Howard Wayne Johnson, pro se, appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the evidence at trial was insufficient to sustain the verdict. Johnson's argument is unavailing. The record is not devoid of evidence of guilt, and the jury was entitled to conclude that the gun was found on Johnson. See United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992)(en banc);

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Martinez, 151 F.3d 384, 389 (5th Cir. 1998). Consequently, no manifest miscarriage of justice has occurred. See United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001).

Johnson also argues that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional because to merely possess a gun without some commercial context does not have a sufficient present nexus with interstate commerce to constitute a federal crime. Johnson's argument fails. This court has upheld repeatedly the constitutionality of 18 U.S.C. § 922(g). See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, (U.S. Feb. 19, 2002) (No. 01-7524).

Johnson also argues that the amendment of 18 U.S.C. § 921(a)(20), which gives the States the right to restore a felon's civil rights, evidences Congress's intent to stop regulating firearm possession, making 18 U.S.C. § 922(g)(1) invalid. However, nothing in the language of 18 U.S.C. § 921(a)(20) evinces a congressional determination that the need to federally regulate firearms has dissipated, and repeals of statutes by implication are disfavored. See Mungia v. United States Parole Comm'n, 871 F.2d 517, 520 (5th Cir. 1989). This argument is without merit.

Finally, Johnson argues that the enactment of 18 U.S.C. § 921(a)(20) added to 18 U.S.C. § 922(g)(1) the requirement that a defendant must know at the time of the 18 U.S.C. § 922(g) offense that he was a person disqualified under federal law from possessing a firearm because an individual could believe himself to be able to

2

possess lawfully a firearm under state law. However, the required mens rea for a conviction under 18 U.S.C. § 922(g) is not knowledge of the law but merely of the legally relevant facts. See United States v. Emerson, 270 F.3d 203, 217 (5th Cir. 2001). Thus, Johnson's argument that the Government was required to prove that he knew that he was prohibited from possessing a gun fails. The conviction is AFFIRMED.