**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter Nathaniel WILLIAMS,
Defendant–Appellant.**

**No. 91–3000.**

United States Court of Appeals,
Eleventh Circuit.

April 16, 1992.

William M. Kent, Asst. Federal Public Defender, Federal Public Defender's Office, Jacksonville, Fla., for defendant-appellant.

Paul I. Perez, Asst. U.S. Atty., U.S. Attys. Office, Jacksonville, Fla., Karla Spaulding, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

BIRCH, Circuit Judge:

Appellant Walter N. Williams pleaded guilty to stealing United States mail. The United States District Court for the Middle District of Florida sentenced Williams to an eight-month prison term. In addition, the court ordered Williams to serve a three-year term of supervised release following his incarceration—the maximum term of supervision allowed for Williams's offense. *See* 18 U.S.C. §§ 3583(a), (b)(2) (1988). Williams completely served his prison sentence and was released from jail. However, Williams immediately violated a condition of his supervised release by failing to report to his probation officer within 72 hours.

On November 30, 1990, Williams was brought before the sentencing court for a hearing on the revocation of his supervised release. At this hearing, Williams admitted the violation. Therefore, the court revoked Williams's supervised release, sentenced Williams to serve six more months in jail, and again imposed a three-year term of supervised release to follow Williams's new period of incarceration.

Williams appeals his sentence. Specifically, Williams challenges the district court's decision to impose the second three-year term of supervised release. In essence, Williams argues that the district court had no statutory authority to revoke the original three-year maximum term of supervised release, impose a six-month jail sentence, *and then* sentence Williams to another three years of supervised release. We agree. Accordingly, we VACATE the sentence imposed by the district court after the November 30 revocation hearing and REMAND the case for resentencing.

## I.

■ Standing alone, the six-month jail term following the revocation of Williams's supervised release would have been permissible. Under 18 U.S.C. § 3583(e)(3) (1988), a district court is authorized to revoke a supervised release term and then "require the [defendant] to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision...." *Id.* However, there is no statutory provision authorizing the district court to revoke a three-year term of supervised release, require the defendant to serve all or part of that revoked term in prison, *and then* reimpose the maximum three-year supervised release term. Therefore, by sentencing Williams to a second three-year period of supervised release after imprisoning Williams for six months of his revoked three-year term, the district court exceeded its statutory sentencing authority.

The government contends that the second three-year supervised release term was authorized under 18 U.S.C. § 3583(a) (1988), the general provision which enables a judge to choose supervised release as a sentencing option following a defendant's conviction. On its face, Section 3583(a) provides:

> The court, in imposing a sentence to a term of imprisonment *for a felony or a misdemeanor*, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment....

*Id.* (emphasis added). Because Section 3583(a) only authorizes supervised release in conjunction with prison sentences for other crimes, the government's position in this case is explicable only if we regard Williams's failure to report to his probation officer as an independent crime. (Indeed, because the court imposed a second supervised release term of three years, the government's position is explicable only if we regard Williams's failure to report as a Class C or D felony, *see id.* § 3583(b)(2).)

Such a construction of Williams's violation of supervised release is foreclosed by Eleventh Circuit precedent:

> In essence [the government] wants [this] situation treated as if [Williams] had been convicted of another crime, not as a violation of supervised release. Defendant was not convicted of another crime. He violated his supervised release and Congress has outlined the appropriate sanction for such a violation.

*United States v. Scroggins,* 910 F.2d 768, 770 (11th Cir.1990) (per curiam). Therefore, the government's contention that Section 3583(a) authorizes Williams's second three-year supervised release term is erroneous. Although Section 3583(a) *did* authorize Williams's *original* three-year period of supervised release (because it was imposed in conjunction with Williams's prison term for stealing mail), Section 3583(a) does not independently authorize Williams's second three-year term of supervised release.

## II.

■ The government also suggests that Williams's sentence was allowed by 18 U.S.C. § 3583(e)(2) (1988), a provision which authorizes the court to "extend a term of supervised release if less than the maximum authorized term was previously imposed...." *Id.* Although the government's position is not altogether clear, it seems that the government is implying that we should recharacterize Williams's revocation hearing in the following manner. First, the district court visited the revocation and imprisonment provision, Section 3583(e)(3), which authorized both the revocation of Williams's original supervised release and the requirement that Williams serve six months of that original term in prison. Next, the district court visited the

modification provision, Section 3583(e)(2), which purportedly authorized the court to "extend" or "modify" Williams's original (and, by this time, revoked) supervised release term in such a way that Williams could be required to serve a full three years of supervised release.

The government's position is foreclosed by the language of the statute. Under Section 3583(e)(2), a district court can only extend a term of supervised release *"if less than the maximum authorized [supervised release] term was previously imposed...."* 18 U.S.C. § 3583(e)(2) (1988) (emphasis added). In this case, the district court did previously impose the maximum authorized supervised release term for Williams's offense. Accordingly, Section 3583(e)(2) was unavailable to the sentencing court, even under the scenario postulated by the government.[1]

## III.

We acknowledge that it may be wise sentencing policy to allow a district court to revoke an initial term of supervised release, order the defendant to serve some time in prison for violating the conditions of his supervised release, and then require that the defendant once again submit to supervised release following his new incarceration.[2] But such fundamental changes

---

1. We express no opinion on what the district court's sentencing options would have been if Williams had not originally been sentenced to the maximum supervised release term. We do note that the government's construction of Sections 3583(e)(3) and 3583(e)(2) raises two other issues. First, once a district court has exercised its power to revoke a supervised release term under Section 3583(e)(3) in order to imprison a defendant, it seems that Section 3583(e)(2) may be unavailable because there is no original supervised release term left to "extend" or "modify." Revocation of the original term is, at the very least, linguistically inconsistent with the simultaneous extension or modification of that same term.

Second, assuming that the exercise of the power of revocation does not foreclose the district court's power to extend and/or modify, the government's contention that a sentencing court is free to utilize *both* Section 3583(e)(2) and Section 3583(e)(3) is undermined by the statutory language. The word "or" separates Sections (e)(2) and (e)(3). Because Section 3583(e)

is written in the disjunctive, it may be that the sentencing judge has the power to revoke the original term of supervised release *or* to modify that original term, but not both. There is a clear circuit split on this question. *Compare United States v. Boling,* 947 F.2d 1461, 1463 (10th Cir.1991) (allowing the district court to revoke and modify as long as the "combined term of imprisonment plus reimposed supervised release is limited to the maximum term of supervised release authorized by statute for the original offense") *with United States v. Behnezhad,* 907 F.2d 896, 898 (9th Cir.1990) (holding that the district court "is not permitted to revoke a person's supervised release, order a term of incarceration *and* then order another term of supervised release").

Again, we do not need to resolve these other issues because Williams was originally sentenced to a maximum term of supervised release, making Section 3583(e)(3) unavailable to the sentencing court.

2. Indeed, the United States Sentencing Guidelines purport to confer that power now. *See*

in sentencing policy must come from Congress, not the courts. Indeed, the sentencing changes desired by the government in this case are already in the congressional pipeline.[3] Under such circumstances, we are especially loathe to "race with Congress to amend a federal statute." *United States v. Boling*, 947 F.2d 1461, 1466 n.4 (10th Cir.1991) (Holloway, J., dissenting).

Under the unique facts of this case, the district court exceeded its statutory authority by sentencing Williams to six months of imprisonment and three years of supervised release after revoking Williams's initial three-year term of supervised release. Accordingly, we VACATE that sentence and REMAND the case to the district court for resentencing.

VACATED AND REMANDED.

---

U.S.S.G. § 7B1.3(g)(2) (1990) ("Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment.").

**3.** *See* S. 1241, 102nd Cong., 1st Sess. § 3404(3) (1991) (passed July 11, 1991) ("When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment ... under subsection [3583](e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."), *reprinted in* 137 Cong.Rec. S9982, S10021 (daily ed. July 15, 1991); H.R. 3371, 102nd Cong., 1st Sess. § 1904(3) (1991) (pending) (same language as S. 1241), *reprinted in* 137 Cong.Rec. H7916, H7939 (daily ed. Oct. 16, 1991).