**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George TATUM, III, Defendant–**
**Appellant.**

No. 92–2232.

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1993.

James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, FL, for defendant-appellant.

Thomas E. Morris, Asst. U.S. Atty., Jacksonville, FL, Karla Spaulding, Asst. U.S. Atty., Tampa, FL, for plaintiff-appellee.

Before COX and BLACK, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Defendant George Tatum, III, challenges the district court's reimposition of a term of supervised release following revocation of his original term of supervised release. We join the majority of circuits that have addressed this issue and hold that upon revocation of a term of supervised release, a district court is without statutory authority to impose both imprisonment and another term of supervised release.

## I. FACTUAL BACKGROUND

George Tatum, III, pled guilty to one count of an indictment charging him with two counts of theft of mail by a postal employee in violation of 18 U.S.C. § 1709. (R.1–7, R.1–23). On November 27, 1989, the district

court sentenced Tatum to five months of imprisonment to be followed by a two-year term of supervised release. (R.1–29).

Tatum was released from imprisonment on January 11, 1990. He then violated numerous conditions of his supervised release. In particular, he submitted a urine specimen on February 25, 1991, that tested positive for cocaine. Tatum was not arrested until January 8, 1992.

The district court revoked Tatum's term of supervised release and then sentenced him to nine months imprisonment to be followed by another two-year term of supervised release. Tatum's attorney objected to the imposition of a term of supervised release, arguing that the court was without power to reimpose supervised release upon revocation of a prior term of supervised release. The court overruled the objection. Tatum appeals the imposition of this term of supervised release.

## II. CONTENTIONS OF THE PARTIES

Defendant Tatum argues that upon revocation of a term of supervised release, the court is without statutory authority to order another term of supervised release to follow a period of imprisonment.

The Government responds that upon revocation of a term of supervised release, a court can order imprisonment and supervised release where the original term of supervised release was not the maximum allowed by law.

## III. STANDARD OF REVIEW

■ This court reviews de novo the legality of a sentence, including the imposition of a term of supervised release. *See United States v. Cobbs,* 967 F.2d 1555 (11th Cir. 1992); *United States v. Williams,* 958 F.2d 337 (11th Cir.1992).

## IV. DISCUSSION

■ Title 18 U.S.C. § 3583(e) provides that a district court may:

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ...;

(2) extend a term of supervised release if less than the maximum authorized term

was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release ...;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony; or

(4) order the person to remain at his place of residence during nonworking hours....

18 U.S.C.A. § 3583(e) (West Supp.1992).

The Sentencing Commission has not issued guidelines concerning supervised release violations. Instead, the Commission has chosen to issue only policy statements. The Government directs our attention to § 7B1.3(g)(2), which provides:

Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment.

However, with the language "to the extent permitted by law," section 7B1.3(g)(2) does nothing more than refer us back to the statute relevant here, 18 U.S.C. § 3583(e).

Only one circuit maintains that § 3583(e) authorizes a district court upon revocation of a term of supervised release to impose imprisonment plus further supervised release.

*See United States v. Schrader,* 973 F.2d 623 (8th Cir.1992).

Six other circuits have held that § 3583(e) contains no such authority. *See United States v. Rockwell,* 984 F.2d 1112 (10th Cir. 1993)[1]; *United States v. McGee,* 981 F.2d 271 (7th Cir.1992); *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992); *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992); *United States v. Holmes,* 954 F.2d 270 (5th Cir. 1992); *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990).[2] We agree.

This court has held that a district court lacks the authority to revoke a *maximum* term of supervised release, order imprisonment and then reimpose another *maximum* term of supervised release. *United States v. Williams,* 958 F.2d 337 (11th Cir.1992). However, the panel in that case expressly did not resolve the broader issue we address here. *See id.* at 339 n. 1.

Because § 3583(e) is unambiguous, we need look no further than the plain language of this statute. Section 3583(e) lists the alternatives available to a district court in modifying or revoking a defendant's term of supervised release. It states that the court may (1) terminate a term of supervised release and discharge the defendant; (2) extend a term of supervised release and modify the conditions of supervised release; (3) revoke a term of supervised release and order imprisonment for all or part of the remaining term of supervised release; *or* (4) place the defendant under house arrest. The Government argues that subsections (3) & (2) in tandem authorize imposition of both imprisonment and an additional term of supervised release. However, that is not what Congress has said in this statute. As the Fifth Circuit has reasoned,

> Section 3583(e)(3) authorizes the district court to "revoke" a term of supervised release. "Revoke" generally means to can-

cel or rescind. Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce or enlarge under § 3583(e)(2). The term of release no longer exists. Thus regardless of whether the options available under § 3583(e) could otherwise be used together, or in succession, the revocation and extension options are by their very nature mutually exclusive.

*United States v. Holmes,* 954 F.2d 270, 272 (5th Cir.1992); *accord McGee,* 981 F.2d at 274; *Koehler,* 973 F.2d at 134–35; *Cooper,* 962 F.2d at 341. Further, the use of the disjunctive "or" indicates that the possible courses of action detailed in § 3583(e) are discrete alternatives not to be used conjunctively as the Government suggests. *Behnezhad,* 907 F.2d at 898–99; *accord Cooper,* 962 F.2d at 341. Section 3583(e) permits a district court to extend a term of supervised release or revoke it, not both. *United States v. Parriett,* 974 F.2d 523, 527 (4th Cir.1992).

Here, Tatum violated the conditions of his original term of supervised release. The court (1) revoked his original term of supervised release; (2) sentenced him to nine months imprisonment; and (3) reimposed a two-year term of supervised release. Section 3583(e)(3) clearly authorized the court to (1) revoke the supervised release and (2) require Tatum to serve time in prison. However, nothing in this statute authorized the court to then reimpose a term of supervised release.

## V. CONCLUSION

Title 18 U.S.C. § 3583(e) is unambiguous. We must assume that Congress meant what it said. Accordingly, we hold that upon revocation of Tatum's term of supervised release, the district court lacked statutory authority

---

1. The Tenth Circuit had previously held that supervised release could be reimposed after revocation of an original term of supervised release. *United States v. Boling,* 947 F.2d 1461 (10th Cir.1991). However, after obtaining authorization from all the active judges of the Tenth Circuit, the panel in *Rockwell* overruled *Boling* and held that § 3583(e) does not authorize both incarceration and the reimposition of supervised

release. *United States v. Rockwell,* 984 F.2d 1112 (10th Cir.1993).

2. We note that the district court did not have the benefit of some of these decisions because they were handed down after the revocation of Tatum's term of supervised release. Since that time, however, the circuits have resolved this issue with near unanimity.

to follow a term of imprisonment with an additional term of supervised release. We vacate Tatum's sentence in its entirety and remand for resentencing.

VACATED and REMANDED.