**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jon P. WILLIAMS, Defendant–Appellant.**

No. 91–8992.

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1993.

Suzanne Hashimi, Rise Weathersby, Federal Defender Program, Inc., Steven Paul Berne, Long & Mullman, Atlanta, GA, for defendant-appellant.

Thomas Aloysius Devlin, Jr., Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before ANDERSON and DUBINA, Circuit Judges, and CLARK, Senior Circuit Judge.

ANDERSON, Circuit Judge:

Jon Williams appeals from a district court order that revoked eighteen months of the three-year term of supervised release he was then serving and sentenced him to an eighteen-month term of imprisonment, to be followed by eighteen months of supervised release. Williams claims that the district court lacked the statutory authority to impose a period of supervised release to follow his custodial sentence. We vacate the sentence and remand for resentencing.

## BACKGROUND

On May 15, 1990, Williams pled guilty to a charge of embezzlement of U.S. Postal funds in violation of 18 U.S.C. § 641. He was sentenced on July 31, 1990 to four months in custody, to be followed by three years of supervised release. He was also ordered to pay restitution and a special assessment, and to perform community service.

In 1991, Williams completed his custodial sentence and began serving his supervised release term. On September 18, 1991, Williams' probation officer filed a petition with the district court requesting that the court revoke Williams' supervised release. Following a hearing on October 28, 1991, the district court revoked eighteen months of Williams' supervised release and sentenced him to eighteen months of prison, followed by eighteen months of supervised release. Williams appeals.

## DISCUSSION

Section 3583 of Title 18 authorizes a court to impose a term of supervised release to follow imprisonment. The statute describes the authorized release terms for different classes of felonies. It also describes factors courts should consider and conditions courts may order when imposing supervised release. Section 3583(e) grants district courts the authority to alter the release term in four different ways after imposing it. The court may

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ...;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . ;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . ; or

(4) order the person to remain at his place of residence during nonworking hours. . . .

18 U.S.C. § 3583(e). Approximately 10 months after Williams began serving his three years of supervised release, the district court found that he had violated the conditions of supervised release and ordered him to serve 18 months in prison to be followed by 18 months of supervised release. On appeal, Williams challenges the legality of the supervised release portion of this sentence.

Williams' challenge is supported by the very recent opinion of this court in *United States v. Tatum*, 998 F.2d 893 (11th Cir. 1993). This court in *Tatum*, following the weight and trend of the case law in other circuits, made two alternative holdings. First, the *Tatum* panel rejected the argument that subsections (2) and (3) of 18 U.S.C. § 3583(e) could be deemed to operate in tandem, so that a term of supervised release could be revoked under subsection (3), and then an extended term of supervised release could be imposed under subsection (2). The *Tatum* panel held that the several alternative courses of action set out in § 3583(e) were listed in the statute in the disjunctive, not in the conjunctive, so that the statute permits a district court either to extend a term of supervised release under subsection (2), or revoke it under subsection (3), but not both. This first *Tatum* holding is not applicable to the instant case, because the district court in this case did not attempt to use both the § 3583(e)(3) option to revoke supervised release, and the § 3583(e)(2) option to extend

the term of supervised release. In this case, the original term of supervised release was the maximum authorized by statute, and thus the clear language of § 3583(e)(2) (allowing extension of a supervised release term only "if less than the maximum authorized term was previously imposed") renders it inapplicable to this case.

We turn to the second, alternative holding in *Tatum*, which does control this case. The *Tatum* panel implicitly rejected the argument that 18 U.S.C. § 3583(e)(3) would provide authority for a district court to revoke a term of supervised release, imprison the person for part of that supervised release term, and then provide that the balance of the term of supervised release be served following such imprisonment. The *Tatum* panel quoted the following language from *United States v. Holmes*, 954 F.2d 270, 272 (5th Cir.1992):

Section 3583(e)(3) authorizes the district court to "revoke" a term of supervised release. "Revoke" generally means to cancel or rescind. Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce, or enlarge under § 3583(e)(2). The term of release no longer exists. Thus regardless of whether the options available under § 3583(e) could otherwise be used together, or in succession, the revocation and extension options are by their very nature mutually exclusive.

Thus, the *Tatum* panel held that "[s]ection 3583(e)(3) clearly authorized the court to . . . revoke the supervised release and . . . require Tatum to serve time in prison. However, nothing in this statute authorized the court to then reimpose a term of supervised release." *Tatum*, 998 F.2d at 895.

Pursuant to this *Tatum* holding, once a district court has revoked a term of supervised release under § 3583(e)(3) and imposed some period of imprisonment, then that "term of release no longer exists." If the balance of the original term of supervised release is thus extinguished in its entirety, it obviously could never be served. Moreover, there is no other statutory authority for the court to impose any supervised release at all following the imprisonment, since no other

language in § 3583(e)(3) or any other statutory provision provides such authority.

The holding of this court in *Tatum* is binding on this panel, and controls the outcome of this case. Thus, when the district court in this case revoked supervised release and imposed imprisonment pursuant to § 3583(e)(3), there was no supervised release left in existence and no statutory authority to impose any supervised release following such imprisonment. Accordingly, we vacate Williams' sentence in its entirety and remand this case to the district court with instructions to fashion a new sentence which is not inconsistent with this opinion and with *Tatum*.

Although this panel is bound to follow *Tatum*, this panel respectfully expresses its disagreement with that part of *Tatum* which holds that once supervised release is revoked and some period of imprisonment imposed, then the entire original term of supervised release is extinguished and there is no statutory authority under § 3583(e)(3) for any supervised release to follow the imprisonment. This is the part of *Tatum* which follows the Fifth Circuit view as expounded in *United States v. Holmes, supra*. In the Fifth Circuit's view, to "revoke" a term of supervised release necessarily means to extinguish it entirely. With the term thus entirely extinguished, no supervised release survives to be served following the imprisonment. This panel respectfully submits that this interpretation of the statute is contrary to common sense. It is clear from the statute, and everyone concedes, that the district court in this case could have revoked Williams' supervised release and required him to serve the full 36 months in prison. It is hard to imagine why Congress might authorize such a sentence, but nevertheless withhold authority to impose a more lenient sentence—e.g., the sentence in this case, one-half of the original supervised release term in prison and the other half on supervised release. We respectfully submit that the term "revoke" can mean not only "cancel" or "extinguish," but also "recall" or "call back." *See* 13 *The Oxford English Dictionary* 838 (2d ed. 1989) (listing the third meaning of "revoke" as "[t]o recall; to call or summon back" and the fourth meaning as "[t]o annul, repeal, rescind, cancel"); *Webster's Third New International Dictionary* 1944 (1986) (listing first meaning of "revoke" as "to bring or call back"). Thus, revocation does not necessarily mean extinguishment. Moreover, to the extent that the statutory phrase "revoke a term of supervised release" has the connotation of cancellation, we believe that Congress contemplated cancellation of the release *status*, and not the extinguishment of the underlying term of supervised release. We think that Congress intended that the underlying term of supervised release, although "called back," would nonetheless survive and be at the sentencing judge's disposal. Indeed, the immediately succeeding phrase of the statute supports this interpretation. After authorizing revocation of the supervised release term, the statute expressly recognizes the continued existence of the supervised release term in authorizing the judge to imprison the person for "all or part of the term of supervised release." The express statutory authority for the judge to imprison for *all or part* of the original term of supervised release suggests that a judge can imprison for part and order supervised release for the rest. Thus, both common sense and the actual language of the statute suggest that Congress intended for § 3583(e)(3) to be construed to authorize a district court to revoke a term of supervised release, imprison the person for part of that supervised release term, and order that the remainder of that supervised release term be served as supervised release.

Although this panel unanimously disagrees with the Fifth Circuit view and the *Tatum* panel for the foregoing reasons, we have also decided not to seek en banc reconsideration of this matter. We are aware that Congress is in the process of curing the problem caused by the interpretation placed upon this statute by the several circuit courts of appeal; we believe it is probable that Congress will cure the problem by legislation. *See* S. 468, 103rd Cong., 1st Sess. § 4 (1993).

VACATED AND REMANDED.