UNITED STATES of America, Plaintiff,

v.

Woodrow V. CLEMMONS, Defendant.

Nos. 79–42–CR–T–23A, 95–1325–CIV–T–23A.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 29, 1996.

Craig Alldredge, Federal Public Defender's Office, M.D. Florida, Tampa, FL, Woodrow Vernel Clemons, Tampa, FL, for Woodrow Vernel Clemons.

Jeffrey J. Del Fuoco, U.S. Attorney's Office, M.D. Florida, Tampa, FL, for the U.S.

## ORDER

MERRYDAY, District Judge.

Before the Court is defendant's motion to correct his sentence (Doc. 93), filed on August 10, 1995, to which the government filed a response (Doc. 107) on June 10, 1996. The United States Magistrate Judge has considered this matter, pursuant to 28 U.S.C. § 636(b)(1) and an order of reference (Doc. 108), filed on August 2, 1996, recommending the Court to grant the defendant's motion to the extent that his current term of special parole should be converted to regular parole and to deny the motion on the other grounds raised by the defendant. No objections were filed to the report and recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02, the Court has conducted a de novo review.

Upon consideration the Magistrate Judge's report and recommendation is adopted. Accordingly, the defendant's motion is **GRANTED** to the extent that his current term of term of special parole should be converted to regular parole. The motion is otherwise **DENIED.**

## REPORT AND RECOMMENDATION

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 93) and the government's re-

sponse (Dkt. 107).[1] The undersigned has reviewed the record, pleadings, and the memoranda submitted by the parties. Counsel has been appointed to represent petitioner.

On October 17, 1979 petitioner was found guilty of possession with the intent to distribute heroin and distributing heroin in violation of 21 U.S.C. § 841(a)(1). On December 12, 1979 petitioner was sentenced to ten years incarceration plus a five year special parole term. On November 26, 1979 petitioner was found guilty for failure to appear pursuant to 18 U.S.C. § 3150. On January 3, 1980 petitioner was sentenced to an additional one year sentence, consecutive.

On June 4, 1982 petitioner failed to return from a 48 hour furlough and was classified as an escapee. He was returned to custody on May 20, 1985. At the time of petitioner's escape he had served 33 months and had 11 months remaining of his drug sentence. He was ordered to serve an additional eight months custody for his escape. Petitioner was paroled on November 24, 1986. His regular parole was projected to end on August 19, 1993.

Between 1986 and 1992 petitioner was charged with two drug offenses and began testing positive for cocaine and marijuana. Various administrative actions were taken. Following a revocation hearing, petitioner's regular parole was revoked on December 29, 1992. On April 28, 1993 he was re-paroled to a special parole term with a projected expiration of April 27, 1998. On April 8, 1994 a warrant was issued for petitioner's arrest alleging violation of his special parole term for possession and use of cocaine. Petitioner pled guilty on February 13, 1995. His special parole was again revoked on May 19, 1995 and he was ordered to serve 12 months in prison with a nine month credit for time served.

On July 21, 1995 petitioner was re-paroled to a five year special parole term with a projected expiration date of February 13, 2000.

## I

Petitioner seeks relief from the special parole term ("SPT") imposed by the United States Parole Commission ("USPC") on July 21, 1995. Petitioner contends that the USPC lacked statutory authority to impose a second term of special parole after the first term was revoked. Petitioner argues that once the first term of special parole was revoked, the USPC should have increased his sentence by the length of the SPT imposed and then could decide to either: 1) order petitioner to serve all of his new sentence; or 2) order him to serve only a portion of the new sentence. Petitioner argues that the USPC chose to "sentence" him to twelve months imprisonment but lacked authority to impose a second term of parole.

Title 21, United States Code, section 841(c), repealed, Pub.L. 98–473, Title II, § 224(a)(2) (1984), was the statute in force when petitioner was sentenced in 1979. It provides:

A special parole term imposed under this section or section 845, 845a, or 845b of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the new term of imprisonment. A special parole term provided for in this section or section 859, 860, or 861 of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

The USPC promulgated several regulations regarding the revocation of parole under former section 841(c). Title 28 C.F.R. section 2.52(b) provides that if parole is revoked by the Commission, the Commission is to determine whether reparole is warranted or whether the prisoner should be continued for further review. Further, 28 C.F.R. § 2.57(c) provides that "[s]hould a parolee violate conditions of release during the Special Parole Term he will be subject to revoca-

---

**1.** This matter has been referred to the undersigned by the district court for a report and recommendation. *See* Local Rules 6.01(b) and 6.01(c), M.D.Fla.

tion on the Special Parole Term as provided in § 2.52, and subject to reparole or mandatory release under the Special Parole Term . . ."

Petitioner cites *Artuso v. Hall,* 74 F.3d 68 (5th Cir.1996) in support of his position that a second term of special parole should not have been imposed. In *Artuso,* the court found that the USPC lacked statutory authority to impose a second special parole term after having revoked the parolee's first special parole term and ordering him to serve eighteen months in jail for violating a condition of his special parole. *Id.* at 69–71. The court held that the USPC regulations which allow the USPC to impose a second term of special parole after revoking the first term contradict the plain language of the former statute (21 U.S.C. § 841(c)). *Artuso,* 74 F.3d at 71.

In so holding, the Fifth Circuit relied on *United States v. Holmes,* 954 F.2d 270, 271 (5th Cir.1992) which involved the issue of whether 18 U.S.C. § 3583(e)(3) allows courts to impose a second term of supervised release after revoking an initial term of supervised release.[2] The *Holmes* court relied on the plain meaning of the statute and determined that the word "revoke" means to "cancel or rescind". *Id.* at 272. The court explained that once a term of supervised release had been revoked the term no longer existed. Thus, there was no authority to impose a second period of supervised release after revoking the first. *Id.*

The *Artuso* court also looked at the plain language of the statute at issue in that case to determine if Congress' intent in passing the statute was clear. 74 F.3d at 71. The court explained that the language of former § 841(c) and § 3583(e)(3) are "nearly identical" and both statutes use the term "revoke" in identical contents to mean rescind or cancel. The court concluded that there was

nothing ambiguous about the statute and there was no authority to impose a second term of special parole. *Id.*

Prior to *Artuso,* a factually similar case came before the Fifth Circuit on a different issue. *See Munguia v. U.S. Parole Commission,* 871 F.2d 517 (5th Cir.), *cert. denied,* 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 119 (1989). In *Munguia,* the petitioner's special parole was revoked on three occasions. Petitioner appealed the denial of his habeas corpus alleging that his street time he had accrued during his first special parole term was unlawfully forfeited. *Id.* at 519. The Fifth Circuit held that section 841(c) mandates loss of street time as a consequence of revocation of parole. *Id.* at 520. In explaining its reasoning, the court referred to the USPC regulations 28 C.F.R. §§ 2.57 and 2.52. *Munguia,* 871 F.2d at 521.

The Fifth Circuit held that the decisions in *Artuso* and *Munguia* do not conflict. *See Artuso,* 74 F.3d at 72. The court explained that "[i]n *Munguia,* we relied on the USPC regulations at issue in this case only to show that they 'channel[ed] special parolees through' an alternative regulation." 74 F.3d at 72 (citation omitted).

Agreeing with *Artuso,* the Seventh Circuit has also held that the USPC cannot impose a new term of special parole. *Evans v. United States Parole Commission,* 78 F.3d 262, 265 (7th Cir.1996). Under former section 841(c) the first revocation turns special parole into regular imprisonment. *Id.* at 264. The court stated "[t]he Parole Commission cannot 'impose' a term of special parole any more than it can 'sentence' a defendant to prison". *Id.* at 265. The court, however, noted that if a parolee violates his special parole and is imprisoned, any release before the end of the term is regular parole. *Id.* at 264, 266; *see*

---

2. Title 18, United States Code, section 3583(e)(3) provides that the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the

defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . ."

*also Carbello v. Foster,* Case No. 95C2905, 1996 WL 224505, * 3 (N.D.Ill. May 1, 1996) ("petitioner's current parole must be considered regular and not special").

There is a split of authority concerning this issue. Both the D.C. Circuit and Eighth Circuit have held that the Commission may impose a subsequent term of special parole. *United States Parole Comm'n v. Williams,* 54 F.3d 820, 824 (D.C.Cir.1995); *Billis v. United States,* 83 F.3d 209, 211 (8th Cir. 1996). The *Williams* court, in finding that § 841(c) mandates a new prison term equal to the term of special parole, explained that "the only open issue is whether the parolee must serve all of that term behind bars, or may serve the term through a combination of incarceration and special parole." 54 F.3d at 824. The court further explained that the "new term of imprisonment" mandated in the statute could consist of a period of confinement followed by a period of special parole. *Id.*

In *Billis,* the Eighth Circuit noted that the reasoning of the D.C. Circuit was more consistent with the language of § 841(c). 83 F.3d at 211. The court further explained that the reasoning of the Fifth and Seventh Circuits finding that the Commission may not impose a second term conflicted with a prior Eighth Circuit case that the district courts have authority under § 3583(e) to impose subsequent terms of supervised release after revocation of an initial term of supervised release. *Id.* (citing *United States v. Schrader,* 973 F.2d 623, 625 (8th Cir.1992)).

The Eleventh Circuit has not addressed the issue of whether former section 841(c) allows the USPC to impose a second special parole term after revoking the first parole term and requiring a defendant to serve an additional sentence. However, it has addressed whether § 3583(e) allows the courts to extend a condition of supervised release. *See United States v. Tatum,* 998 F.2d 893, 895 (11th Cir.1993) (per curiam). In *Tatum,* the court considered the plain language of the statute and agreed with the Fifth Circuit that § 3583(e) allows a district court to ex-

tend a condition of supervised release or revoke it, but not both. The court noted that six other circuits have reached the same conclusion and only the Eighth Circuit reached the opposite conclusion.[3] *Id.*

However, a few weeks after the decision in *Tatum,* a different panel in *United States v. Williams,* 2 F.3d 363, 365 (11th Cir.1993), found the decision in *Tatum* binding but expressed its disagreement with the finding regarding the term "revoke" as it appeared in § 3583(e). The court stated that the term revoke could also mean to "recall" or "call back". The *Williams* court further stated that the "common sense and actual language of the statute suggest that Congress intended for § 3583(e)(3) to be construed to authorize a district court to revoke a term of supervised release, imprison the person for part of that supervised release term, and order that the remainder of that supervised release term be served as supervised release." *Williams,* 2 F.3d at 365.

Faced with these conflicting authorities, the undersigned is persuaded by the decisions in *Artuso* and *Evans* for several reasons.

First, former section 841(c) permitted the court to impose a term of special parole as part of the sentence under certain circumstances. The statute further provided that the "special parole term *imposed under this section*" could be revoked. *Id.* (emphasis added). This language suggests that only a court may impose a term of special parole and such term could only be imposed in conjunction with a drug related offense pursuant to which the defendant was being sentenced. The statute also provides that the special parole can be revoked and the parolee's original term of imprisonment is increased by the special term of parole resulting in a "new term of imprisonment". The USPC may require the parolee to serve some or all of the new term of imprisonment. *Id.*

Thus, the plain language of former section 841(c), particularly the phrase "special parole term imposed under this section", requires

---

**3.** The Eighth Circuit case referred to in the Tatum decision is *United States v. Schrader,* 973    F.2d 623 (8th Cir.1992).

the special parole term to be imposed by a court as a part of the original sentence and not "created by operation of regulation after release from a prior revocation." *See Evans,* 78 F.3d at 265. This, coupled with the fact that the Eleventh Circuit in *Tatum* has adopted a similar approach in determining whether the court has authority to impose a second term of supervised release, supports petitioner's position that his current special parole term violates former section 841(c).

■ Therefore, the USPC lacked statutory authority to impose a second term of special parole after having revoked petitioner's initial term of special parole.

## II

Petitioner apparently requests he be released from supervision. For the reasons that follow, this request should be denied.

In *Evans,* the Seventh Circuit explained found that the first revocation of a term of special parole "turns special parole into regular imprisonment, release from which is normal parole." 78 F.3d at 264 (citing *Artuso,* 74 F.3d 68). The *Evans* court rationalized that because the USPC cannot impose a new term of special parole, "[t]here is only a term of imprisonment, and release before its end is therefore normal parole." *Id.* The court explained that this is consistent with the language of former section 841(c). *Id.* at 265.

In *Artuso,* the petitioner was serving his third term of special parole after having his first two terms revoked. 74 F.3d at 70. The Fifth Circuit, in finding the USPC lacked authority to impose a second term of special parole, ordered that petitioner be released from his third term of special parole. *Id.* at 71–72.

While the *Artuso* court ordered petitioner be released from his special parole, the decision is consistent with that of *Evans.* Because the USPC lacked authority to impose a second term of special parole, the provisions of former section 841(c) were not applicable when Artuso violated his second term. Accordingly, the USPC did not have the authority to proceed under former section 841(c) when it ordered petitioner to spend 18 months in prison as well as 42 months special parole for violating his first term of special parole. Instead, the rules for ordinary parole should have been applied.

■ Because it is consistent with former section 841(c) to consider early release from a term of imprisonment imposed after a term of special parole is revoked as regular parole, petitioner's request to be released from supervision altogether should be denied.

### *Conclusion*

Accordingly, petitioner's motion should be granted to the extent that his term of parole should be considered regular parole and not special parole. The motion should otherwise be denied.

It is therefore RECOMMENDED that:

1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 93) be GRANTED to the extent that his current term of special parole should be converted to regular parole. The motion should otherwise be DENIED.

Dated: August 2nd, 1996.