United States Court of Appeals,

Eleventh Circuit.

No. 97-8085.
Non-Argument Calendar

UNITED STATES of America, Plaintiff-Appellee,

v.

Efosa Lyon AIMUFA, Defendant-Appellant.

Sept. 22, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR-221-1-FMH), Frank M. Hull, Judge.

Before TJOFLAT, COX and CARNES, Circuit Judges.

CARNES, Circuit Judge:

Efosa Lyon Aimufa challenges the district court's imposition of deportation, and detainer without bond pending deportation, following the court's revocation of his term of supervised release. Because district courts lack statutory authority to modify the conditions of supervised release terms that have been revoked, we vacate the district court's sentencing order and remand for resentencing.

## I. BACKGROUND

Efosa Lyon Aimufa pleaded guilty to a single-count indictment charging him with violating 8 U.S.C. § 1326 by re-entering the United States after having been deported. On December 12, 1994, the district court sentenced Aimufa to fifteen months of imprisonment to be followed by a three-year term of supervised release. As one condition of his supervised release, Aimufa was ordered to submit himself to the Immigration and Naturalization Service ("INS") for deportation proceedings. The district court did not, however, order that Aimufa be deported.

After completing his fifteen-month prison term, Aimufa was released from prison. He then violated numerous conditions of his supervised release and was arrested for those violations. On January 8, 1997, Aimufa appeared before the district court and admitted each of the violations with which he was charged.

On January 15, 1997, the district court revoked Aimufa's term of supervised release and sentenced him to eighteen months of imprisonment. Additionally, the district court's order commanded that Aimufa be deported following service of his prison term and that he be detained by the INS without bond pending his deportation:

> [T]he Bureau of Prisons, at the conclusion of the imprisonment portion of this sentence, shall deliver the defendant to a duly authorized Immigration official so that the Immigration and Naturalization Service may immediately deport the defendant. Due to the risk of flight ... the Court orders that the Immigration and Naturalization Service detain the defendant without bond until the defendant is deported and leaves the United States.

At the revocation hearing, Aimufa's attorney objected to the court's imposition of deportation and detainer without bond, contending that the district court lacked authority to impose those conditions. The district court overruled those objections, and this appeal followed.

## II. CONTENTIONS OF THE PARTIES

Aimufa contends that upon revocation of his term of supervised release, the district court lacked statutory authority to order his deportation and detainer without bond. The Government agrees, stating that it "is unaware of any authority which would support the court's order of deportation in this case," and that "the court was also without authority to order that the INS detain the defendant pending deportation."

## III. STANDARD OF REVIEW

This Court reviews *de novo* the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release. *See, e.g., United States v. Tatum,* 998 F.2d 893, 894 (11th Cir.1993) (citations omitted).

## IV. DISCUSSION

Title 18 U.S.C. § 3583(e) provides the courses of action available to a district court faced with a motion to revoke or modify a term of supervised release. Under that provision, a district court may:

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ...;

2

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release ...;

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision ...; or

(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices....

18 U.S.C. § 3583(e) (West Supp.1997).

As we explained in *United States v. Tatum,* 998 F.2d 893, 895 (11th Cir.1993), "[b]ecause § 3583(e) is unambiguous, we need look no further than the plain language of this statute." Section 3583(e) provides the exclusive list of alternatives available to a district court in modifying or revoking a defendant's term of supervised release. It states that the court may: (1) terminate a term of supervised release; (2) extend a term of supervised release and modify the conditions of supervised release; (3) revoke a term of supervised release and order imprisonment for all or part of the remaining term of supervised release without credit for time served; *or* (4) order the defendant to remain at his residence during nonworking hours.

The Government does not suggest in this case that § 3583(e) authorizes a district court to use the foregoing four alternatives in tandem with each other, *e.g.,* by combining the revocation option provided by subsection (3) with the modification option provided by subsection (2). The Government did make such a suggestion in *Tatum,* but we rejected it. We explained in *Tatum* that tandem usage of these provisions "is not what Congress has said in this statute." 998 F.2d at 895. Instead, we adopted the Fifth Circuit's reasoning that "[o]nce a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce or enlarge under § 3583(e)(2)." *Id.* at 895 (quoting *United States v. Holmes,* 954 F.2d 270, 272 (5th Cir.1992)). Continuing, we explained: "[T]he use of the disjunctive "or' indicates that the possible courses of action detailed in § 3583(e) are discrete alternatives not to be used conjunctively as the Government

3

suggests. Section 3583(e) permits a district court to extend a term of supervised release or revoke it, not both." *Id.* (citations omitted).

Here, the district court: (1) revoked Aimufa's term of supervised release, requiring him to serve an additional eighteen months in prison; and (2) ordered Aimufa deported, requiring that he be detained by the INS without bond pending his deportation. Section 3583(e)(3) clearly authorized the court to revoke Aimufa's supervised release and to order him to serve additional prison time. However, nothing in the statute authorized the court thereafter to order Aimufa deported or to order that he be detained by the INS without bond pending his deportation, either as modified conditions of the revoked term of supervised release or otherwise.

Our decision in *United States v. Oboh,* 92 F.3d 1082 (11th Cir.1996) (en banc), has no bearing on this case. *Oboh* stands for the proposition that 18 U.S.C. § 3583(d) authorizes a district court to order that an alien defendant subject to deportation be deported as a condition of supervised release. *Id.* at 1084. Here, the district court did not order Aimufa deported in connection with the court's imposition of a term of supervised release under § 3583(d). Instead, the court revoked the term of supervised release, leaving the court with no supervised release term upon which to impose additional conditions. In any event, we have held that the Oboh decision did not survive the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1229a(a) (3). See United States v. Romeo, ___ F.3d ___, No. 96-4421 (11th Cir. Sept. 10, 1997).

### V. CONCLUSION

Upon revocation of Aimufa's term of supervised release, the district court lacked statutory authority to order Aimufa deported or to order him detained by the INS without bond pending his deportation. Accordingly, we VACATE Aimufa's sentence in its entirety and REMAND for resentencing consistent with this opinion.