United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-20747
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH NOEL SEALS,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(4:05-CR-306-ALL)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Convicted in 1992 on narcotics and firearm violations, Joseph Noel Seals, was sentenced to a term of imprisonment, followed by five years of supervised release. He began serving his supervised release in March 2005. That August, he was found to have violated the terms of such release. The district court revoked his release, sentenced him to 11 months in prison, and ordered he be placed back

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

on supervised release for four years following his imprisonment. Seals contests the imposition of another term of supervised release.

Seals challenges the reimposition of a term of supervised release for the first time on appeal. He claims the issue should be reviewed *de novo*, nevertheless, because the reimposition of supervised release exceeded the court's statutory authority. In his brief, however, Seals maintains the reimposition of supervised release deprived him of his Fifth Amendment due process rights. Because Seals claims a constitutional violation and because he did *not* object in district court to the reimposition of supervised release, our review is only for plain error. *See* **United States v. Olano**, 507 U.S. 725, 731-37 (1993). To establish reversible plain error, a defendant must show a clear or obvious error affected his substantial rights. *E.g.,* **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). Even then, we retain discretion to correct the error; generally, we will do so only if it "affects the fairness, integrity, or public reputation of judicial proceedings". **Id.**

A district court's authority to revoke supervised release is governed by 18 U.S.C. § 3583. When Seals was originally sentenced in 1992, § 3583(e) stated in part: a court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the

2

time previously served on postrelease supervision .... ” 18 U.S.C. 3538. In interpreting that section, we had previously held that a defendant could not be required to serve another term of supervised release (following imprisonment) after the original release term had been revoked. *See* **United States v. Holmes**, 954 F.2d 270, 272 (5th Cir. 1992). We were not alone in our view. *See, e.g.,* **United States v. Koehler**, 973 F.2d 132 (2nd Cir. 1992); **United States v. Malesic**, 18 F.3d 205 (3rd Cir. 1994); **United States v. Cooper**, 962 F.2d 339 (4th Cir. 1992); **United States v. Truss**, 4 F.3d 437 (6th Cir. 1993); **United States v. McGee**, 981 F.2d 271 (7th Cir. 1992); **United States v. Behnezhad**, 907 F.2d 896 (9th Cir. 1990); **United States v. Rockwell**, 984 F.2d 1112 (10th Cir. 1993); **United States v. Tatum**, 998 F.2d 893 (11th Cir. 1993). Two circuits, however, held § 3583(e)(3) did grant district courts the power to reimpose a further term of supervised release after revocation. *See, e.g.,* **United States v. O'Neil**, 11 F.3d 292 (1st Cir. 1993); **United States v. Schrader**, 973 F.2d 623 (8th Cir. 1992).

In 2000 (after Seals's original conviction but before the revocation of his release), **Johnson v. United States**, 529 U.S. 694 (2000), settled the circuit split and sided with the minority approach. **Johnson** held § 3583(e) *did* permit district courts, revoking a term of supervised release in favor of reimprisonment,

3

to require a further term of supervised release following the further incarceration.  529 U.S. at 704-10.

Seals relies on **Johnson** in claiming that, because his original conviction occurred in 1992, to apply **Johnson** to his case is to retroactively apply the decision in violation of the Constitution's *Ex Post Facto* Clause.  "The heart of the *Ex Post Facto* Clause, U.S. Const., Art. I, § 9, bars application of a law 'that changes the punishment, and inflicts a great punishment than the law annexed to the crime, when committed.'"  **Johnson**, 529 U.S. at 699 (quoting **Calder v. Bull**, 3 U.S. 386, 390(1798)).  Retroactive application of **Johnson**, Seals urges, violates the core due process "concepts of notice, foreseeability, and in particular, the right to fair warning .... "  **Rogers v. Tennessee**, 532 U.S. 451, 459 (2001).  Because he had no warning or reasonable expectation at the time of his offense that he could be subject to reimposition of supervised release following revocation, Seals contends the law in this circuit at the time of his offense, as expressed in **Holmes**, should be applied to his case.  As explained below, Seals has not shown plain error.

"If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." **Bouie v. City of Columbia**, 378 U.S. 347, 354 (1964)(internal quotes omitted).  In Seals' case, the Supreme

4

Court's construction of § 3583(e)(3) was *not* "unexpected." A circuit-split, such as existed prior to *Johnson*, makes a Supreme Court ruling on the issue reasonably foreseeable and provides a defendant fair warning. ***United States v. Zuniga***, 18 F.3d 1254, 1259 (5th Cir.), *cert. denied*, 519 U.S. 902 (1994) (citing ***United States v. Rodgers***, 466 U.S. 475, 484 (1984)). Nor was § 3583(e)(3)'s construction "indefensible" under existing law; prior to *Johnson*, two circuits, had interpreted § 3583(e) to permit supervised release after revocation.

Moreover, Seals new sentence is not above and beyond the maximum penalty of his original conviction. Such a result is forbidden under § 3583(e)(3). ***Johnson***, 529 U.S. at 712. "Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised released originally imposed ... [and] [t]he new prison term is limited further according to the gravity of the original offense." ***Id***. Judicial construction of § 3583(e)(3) was not an "unforseeable judicial enlargement of [the] criminal statute" so as to make it operate as an ex post facto law. ***Bouie***, 378 U.S at 352.

In sum, Seals has not shown a "clear" or "obvious" error. Therefore, even assuming an error, it was *not* plain error.

***AFFIRMED***

5