[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16835
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20107-TP-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO OLMEDO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Ricardo Olmedo, Jr., appeals his sentence of 24 months' imprisonment

followed by 30 months' supervised release, imposed under 18 U.S.C. § 3583(e)(3) after the district revoked his prior supervised release term. After review, we affirm.

## I. BACKGROUND

After trial, a jury convicted Olmedo of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I), possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2), and possession with intent to distribute cocaine in interstate commerce, in violation of 18 U.S.C. §§ 2 and 1952(a)(3) (Count 3). In 1990, the district court sentenced Olmedo to 272 months' imprisonment on Counts 1 and 2 and 60 months' imprisonment on Count 3, all terms to run concurrently. Olmedo also received sentences of five years' supervised release on Counts 1 and 2 and two years' supervised release on Count 3, all terms to run concurrently. The terms of his supervised release prohibited him from committing any federal, state, or local crimes.

In October 2007, after his release from prison, Olmedo's probation officer petitioned the district court for revocation of Olmedo's supervised release. The probation officer alleged that Olmedo violated the terms of his supervised release when he was arrested in September 2007 for possession with intent to distribute

2

500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).

After a hearing, the district court found that Olmedo had violated the terms of his supervised release and revoked Olmedo's supervised release. The district court sentenced Olmedo to 24 months' imprisonment, to be followed by 30 months' supervised release. This sentence was to run consecutive to Olmedo's sentence for the September 2007 drug possession offense, to which Olmedo had pled guilty but had not yet been sentenced. Olmedo objected to the imposition of supervised release and to the court's decision to run the 24-month imprisonment sentence consecutive to a sentence he had not yet received.

Olmedo then filed a motion to correct illegal sentence, pursuant to Federal Rule of Criminal Procedure 35(a), arguing that his sentence violated the Ex Post Facto Clause of the U.S. Constitution by imposing a new term of supervised release following the original term of imprisonment. The government opposed the motion.

The district court denied Olmedo's motion. Olmedo appeals his sentence and the denial of his Rule 35(a) motion.

## II. DISCUSSION

To understand Olmedo's arguments, we first discuss 18 U.S.C. § 3583, entitled "Inclusion of a term of supervised release after imprisonment." At the

time of Olmedo's 1990 conviction, § 3583(e)(3) was the only subsection that detailed what a district court could do upon revocation of supervised release. See 18 U.S.C. § 3583 (1988). In 1990, § 3583(e)(3) authorized a district court to

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . .

Id.

In 1994, Congress amended § 3583, adding subsection (h). Subsection (h) explicitly provides a district court with the authority to order a term of supervised release after a revocation and reimprisonment. 18 U.S.C. § 3583(h) (1994) (providing that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment").

Olmedo first argues that "where, as here, the defendant's original conviction occurred prior to the 1994 amendment, the district court's authority to impose post-revocation penalties is governed by the pre-amendment version of § 3583."[1] In

---

[1] We review the legality of a sentence imposed pursuant to revocation of a term of supervised release de novo. United States v. Pla, 345 F.3d 1312, 1313 (11th Cir. 2003).

4

other words, Olmedo argues that subsection (h), added in 1994, does not apply to his case. Recognizing a potential ex post facto problem with applying a 1994 statute to Olmedo's 1990 conviction, the district court refused to apply subsection (h) to Olmedo. The government does not challenge this point on appeal. In fact, the government goes a step further, conceding that the relevant part of the pre-amendment version of § 3583 (subsection (e)(3)) governs Olmedo's case. Thus, the question is whether § 3583(e)(3), before § 3583(h) was added, authorized the district court to impose supervised release after a revocation and reimprisonment.

We answered this question "no" in United States v. Tatum, 998 F.2d 893, 895-96 (11th Cir. 1993). This Court reasoned in Tatum that § 3583(e)(3) permitted a district court to "revoke" a term of supervised release and "'require the person to serve in prison all or part of the term of supervised release.'" Id. at 894 (quoting 18 U.S.C. § 3583(e)(3)). Once revoked, however, the term of supervised release no longer exists to be modified or extended, and nothing in § 3583(e) stated that the district court could impose a new term of supervised release. Id. We therefore joined the majority of our sister circuits in concluding that, pre-amendment, § 3583(e)(3) did not allow a district court to impose post-revocation supervised release. Id.

Olmedo's problem is that the Supreme Court subsequently decided <u>Johnson</u> <u>v. United States</u>, 529 U.S. 694, 703-13, 120 S. Ct. 1795, 1802-07 (2000), which expressly disagreed with <u>Tatum</u> and held that the pre-amendment version of § 3583 (specifically subsection (e)(3)) authorized a new term of supervised release after revocation and reimprisonment. The Supreme Court in <u>Johnson</u> noted that nine circuits, including this Court in <u>Tatum</u>, had held that pre-amendment § 3583(e)(3) did not empower a district court to impose supervised release after a revocation and reimprisonment, but that two circuits found that pre-amendment § 3583(e)(3) did grant the district courts that power. <u>Johnson</u>, 529 U.S. at 698 n.2, 120 S. Ct. at 1799 n.2.

In <u>Johnson</u>, the Supreme Court agreed with the two circuits that held that the district court had that power. The Supreme Court first pointed out that, because Johnson's original offense occurred before the amendment's effective date in 1994, § 3583(h) did not apply to his case.[2] <u>Id.</u> at 702, 120 S. Ct. at 1802. "The case turns, instead, simply on whether § 3583(e)(3) permitted imposition of supervised

---

[2]Petitioner Johnson was convicted of a felony in 1993, a year before § 3583 was amended to include subsection (h). <u>Johnson</u>, 529 U.S. at 697, 120 S. Ct. at 1799. When Johnson violated the terms of his supervised release, the district court revoked his supervised release and sentenced him to 18 months' imprisonment and 12 months' supervised release. <u>Id.</u> at 698, 120 S. Ct. at 1799.

6

release following a recommitment." Id. at 702-03, 120 S. Ct. at 1802. The Supreme Court concluded that it did, as follows:

> In sum, from a purely textual perspective, the more plausible reading of § 3583(e)(3) before its amendment and the addition of subsection (h) leaves open the possibility of supervised release after reincarceration. Pre-Guidelines practice, linguistic continuity from the old scheme to the current one, and the obvious thrust of congressional sentencing policy confirm that, in applying the law as before the enactment of subsection (h), district courts have the authority to order terms of supervised release following reimprisonment.

Id. at 713, 120 S. Ct. at 1807 (emphasis added). Thus, Johnson in effect overruled Tatum.

Accordingly, the district court here did not err in finding that Johnson's interpretation of § 3583(e)(3) controlled Olmedo's case.[3] Nor is there an ex post facto problem in applying Johnson because it applied § 3583 as it existed at the time of Olmedo's original 1990 conviction (containing subsection (e)(3) and not subsection (h)).[4]

---

[3]We also note that, in Johnson, the Supreme Court indicated that the combined length of the new imprisonment and supervised release terms could not exceed the original supervised release term that provided the foundation for the new terms. Johnson, 529 U.S. at 705-06, 120 S. Ct. at 1803. However, this is not an issue in this case, as Olmedo's combined 54-month term on revocation was less than his original 60-month supervised release term.

[4]Because the district court did not apply § 3583(h)—the 1994, post-amendment version of § 3583—we need not reach any ex post facto issue as to § 3583(h).

Olmedo also argues that, pursuant to the language of § 3583(e)(3) and United States v. Williams, 425 F.3d 987 (11th Cir. 2005), his maximum allowable supervised release term should be reduced by the amount of time he already had spent under supervised release. Olmedo's reliance on Williams is misplaced. Williams requires the district court to give Olmedo credit for revocation time served in prison for previous violations of supervised release. See 425 F.3d at 989. However, Olmedo does not assert, and the record does not reveal, that he had a previous violation of supervised release or had served any previous prison time for a violation of supervised release. Instead, given the plain language of § 3583(e)(3), the district court was not required to consider Olmedo's time served on "postrelease supervision." See 18 U.S.C. § 3583(e)(3) (1988); Williams, 425 F.3d at 989.

For the foregoing reasons, we conclude that Olmedo has not shown that the district court erred in imposing his sentence of 24 months' imprisonment followed by 30 months' supervised release. Therefore, we affirm.[5]

**AFFIRMED.**

---

[5]Olmedo also states that he wishes to preserve his argument that the district court improperly imposed a sentence to run consecutive to a sentence that was not yet imposed. However, as the district court found and Olmedo correctly notes in his brief, this argument is foreclosed by this Court's precedent. See United States v. Andrews, 330 F.3d 1305, 1306-07 (11th Cir. 2003) (concluding that a district court has the authority to impose a federal sentence consecutive to an unimposed, future sentence).

8