[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14558
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-14028-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL WAYNE MILNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Randall Milner appeals from his sentence of eight months' imprisonment followed by a life term of supervised release, imposed after committing four violations of the terms of his original supervised release. On appeal, Milner contends the district court erred by failing to subtract his revocation prison sentence from the supervised release term, as required by 18 U.S.C. § 3583(h). After review,[1] we affirm.

Milner violated his term of supervised release, so the district court was authorized to revoke his supervised release and impose a prison term, and to impose a subsequent additional term of supervised release. *See* 18 U.S.C. § 3583(e)(3), (h). However, a new supervised release term cannot be longer than "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). In this case, the maximum term authorized by statute is life, which Milner concedes. *See* 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(B)(viii). Milner contends the district court sentenced him to eight months' imprisonment but failed to subtract that term from his term of supervised release as required by the plain language of the statute.

---

[1] We "review[] *de novo* the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release." *United States v. Aimufa*, 122 F.3d 1376, 1378 (11th Cir. 1997). However, where, as here, a defendant fails to object to an error before the district court, we review for plain error. *United States v. Sosa*, 777 F.3d 1279, 1294 (11th Cir. 2015).

We find, however, that the district court did not plainly err. Milner's lifespan is indefinite, so subtracting his eight-month prison sentence is a practical impossibility. Our sister Circuits agree. "[I]t is highly unlikely that Congress expected the subtraction concept to be applied to a lifetime term of supervised release." *United States v. Cassesse*, 685 F.3d 186, 191 (2d Cir. 2012). And "[b]ecause it is impossible to predict the precise length of any individual's life, a sentence of 'life less two years' has only conceptual—not practical—meaning." *United States v. Rausch*, 638 F.3d 1296, 1303 (10th Cir. 2011) *overruled on other grounds by United States v. Bustamante-Conchas*, 850 F.3d 1130 (10th Cir. 2017); *see also United States v. Crowder*, 738 F.3d 1103, 1104 (9th Cir. 2013). Milner's proposed literal reading of § 3583(h) is untenable on these facts, and he marshals no authority to support it.

The district court did not err. Accordingly, we affirm.

**AFFIRMED.**

3