[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2006
THOMAS K. KAHN
CLERK

No. 04-16659
Non-Argument Calendar
_____

D. C. Docket No. 01-00077-CR-J-25HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY SHANE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 11, 2006)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Roy Shane Jackson appeals his 36 month sentence imposed after the district

court revoked his supervised release. We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). We review the legality of a sentence imposed pursuant to revocation of a term of supervised release de novo, United States v. Aimufa, 122 F.3d 1376, 1378 (11th Cir. 1997), and the ultimate sentence for reasonableness, see United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) (citing United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 767 (2005)).

## I.

In June 2001, Jackson pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and was sentenced to 56 months imprisonment and 48 months of supervised release. On May 31, 2004, Jackson was released from prison and began his term of supervised release.

On August 29, 2004, Jackson was arrested in Gainesville, Florida. The arresting officers found Jackson, Christopher Mosley, and three other individuals sitting in a car parked in a parking lot outside a bar that was also about 500 feet from a church. The officers observed Jackson in the driver's seat with a small plastic baggie containing a white powder and a straw on his lap. After one of the officers reached into the vehicle and seized the baggie, Jackson turned toward the back seat of the vehicle. The officers removed Jackson from the vehicle and

arrested him. The officers then searched Jackson and found $2,950 in small bills (mainly $20 denominations) in his pocket. During a search of the car, the officers found in the back seat two other plastic baggies, one large and one small, both of which also contained a white powder. The contents of all three bags seized from Jackson and the vehicle later tested positive for cocaine. The smaller bags contained approximately .02 grams of cocaine and the larger bag found in the back seat of the car contained between 2.5 and 3.0 grams of cocaine. Jackson was eventually charged under Florida law with possession of cocaine with intent to sell within 1,000 feet of a place of worship and use of drug paraphernalia.

In October 2004, the U.S. Probation Office filed a revocation petition charging Jackson with committing four violations of the terms of his supervised release. First, the petition charged that on August 29, 2004 Jackson committed new criminal conduct while under supervision. Second, the petition charged that Jackson traveled outside of the Middle District of Florida on August 29, 2004 without permission of his probation officer. Third, the petition charged that Jackson provided four urine specimens in August 2004 that tested positive for cocaine. Fourth, the petition charged that on September 17, 2004 Jackson failed to participate in a drug treatment program. Jackson had been discharged from the program due to unsatisfactory participation in group counseling sessions and

continued drug use. The district court issued a warrant for Jackson's arrest, and Jackson was arrested at his residence on October 20, 2004.

At a detention hearing before a magistrate judge on October 25, 2004, the government presented a factual proffer that Jackson had been arrested on drug charges on August 29, 2004 by Gainesville police officers. The government also proffered that when Jackson was arrested at his residence on October 20, 2004 for violation of his supervised release, U.S. Marshals found 3.3 grams of crack cocaine, a substantial number of baggies consistent with drug distribution, and an electronic scale in one of the two bedrooms in the residence. In response to questioning from Jackson's counsel, the government stated that it did not know if anyone else lived in the residence and that it was not aware of any large amounts of cash found there. The magistrate judge issued an order of detention pending a revocation hearing.

At his revocation hearing on December 13, 2004, Jackson admitted to all of the allegations in the probation officer's petition except for the charge that he committed new criminal conduct on August 29, 2004. Each of the Gainesville police officers testified to the facts of Jackson's arrest on August 29, 2004. Mosley testified that he did not see Jackson sell or distribute any drugs on that day. Jackson testified and denied that he had possessed or sold cocaine on August 29,

4

2004. Jackson also denied that there was cocaine in his lap when the officers first saw him. He acknowledged that there was cocaine in the backseat of the car but stated that he did not know how it got there. Jackson also stated that the money belonged to his girlfriend and that he was just holding it for her.

The district court found that based on his admission, Jackson had committed the second, third and fourth charges listed in the revocation petition. The court also found that Jackson had committed the offense of possession of cocaine with intent to distribute, the first violation alleged in the revocation petition. The court revoked Jackson's supervised release.

The government advocated a sentence of 36 months imprisonment. The government argued that the evidence found at Jackson's residence on October 20, 2004 showed that "even after his arrest down in Gainesville and his charges there in the state, knowing that he was on extremely thin ice, [Jackson] continued to sell, he continued to have the implements of distributing cocaine and trafficking cocaine." Jackson did not object to those statements. The government also argued that even though the advisory sentencing range under the United States Sentencing Guidelines was 24 to 30 months, Jackson should receive 36 months—equal to 24 months plus one year, which was the approximate amount of credit Jackson received on his underlying sentence for participating in a drug treatment program

5

while in prison.  Jackson responded that he should not be punished for failing the drug treatment program.

Before sentencing Jackson, the district court stated:  "If there is ever a case that I've seen that warrants a sentence outside of the guidelines, this . . . is it.  I tried the first case, these guys were dealing dope all over Bradford County, Clay County, so I'm pretty well familiar with this."  The court then found that Jackson had committed a Grade A offense.  The court stated that it was going to follow the government's sentencing recommendation, but for the reason that the evidence found at Jackson's home on October 20, 2004 showed that he had continued to sell cocaine after his arrest on August 29, 2004.  The court sentenced Jackson to 36 months imprisonment and 18 months of supervised release.  Following the court's imposition of the sentence, Jackson was not given an opportunity to object to the sentence at the end of the revocation hearing.

## II.

Jackson first contends that the district court erred in finding that he committed a Grade A supervised release violation.  If the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release," it may revoke a term of supervised release and, after considering certain of the factors in 18 U.S.C. § 3553(a), impose a sentence of

6

imprisonment for the violation. 18 U.S.C. § 3583(e)(3). Section 3553 in turn directs the district court to consult the relevant provisions of the United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(4)(B).

Under U.S.S.G. § 7B1.1, Grade A supervised release violations include:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.

U.S.S.G. § 7B1.1(a)(1) (Nov. 1, 2004). Under Florida law, the possession of cocaine "with intent to sell, manufacture, or deliver . . . in, on, or within 1,000 feet of a physical place for worship" is a first-degree violation punishable by up to 30 years imprisonment. Fla. Stat. §§ 775.082(3)(b); 893.03(2)(a)(4); 893.13(1)(e). Accordingly, that offense qualifies as a Grade A supervised release violation. See U.S.S.G. § 7B1.1(a)(1)(B).

The testimony of the arresting officers that they found multiple bags of cocaine in the car (including one on Jackson's lap), that Jackson turned toward the back seat of the car where the one larger and one smaller bag of cocaine were found, and that Jackson had a large amount of cash in his pocket provided a sufficient basis for the district court to find by a preponderance of the evidence that

7

Jackson possessed the drugs with intent to distribute within 1,000 of a physical place of worship in violation of Florida law. Although Jackson and Mosley testified to the contrary, "[t]he credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility." See United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). Accordingly, we conclude that the district court did not abuse its discretion in finding that Jackson committed a Grade A supervised release violation.[1]

## III.

Jackson also argues that the district court erred under United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993), because it did not provide him with an opportunity to object to his sentence at the end of the revocation hearing. In Jones, this Court held that district courts must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." 899 F.2d at 1102. We described the remedy for a district

---

[1] Although the government has argued in this appeal that simple possession under Florida law qualifies as a Grade A supervised release violation, we are not precluded from considering whether Jackson committed the offense of possession of cocaine with intent to distribute. See United States v. Simmons, 368 F.3d 1335, 1342 (11th Cir. 2004) (stating, in a criminal case, that "we have the authority to affirm the district court, even if it is on a ground other than that upon which it based its decision"); United States v. Mejia, 82 F.3d 1032, 1034 (11th Cir. 1996) (holding, on appeal of defendants' convictions, that this Court "may affirm on any ground that finds support in the record").

court's failure to elicit objections from a defendant to his sentence as follows:

> Where the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections. Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice.

899 F.2d at 1103.

We have indicated that the procedure announced in Jones should be followed in probation revocation hearings. See United States v. Milano, 32 F.3d 1499, 1503 (11th Cir. 1994) (determining that the district court provided the defendant with the opportunity to make specific objections at his probation revocation hearing, and because the defendant chose not to do so, there was no Jones violation), superceded on other grounds, United States v. Cook, 291 F.3d 1297, 1300 n.3 (11th Cir. 2002). We have also stated that supervised release and probation are "conceptually the same" and noted that "the courts treat revocations the same whether they involve probation, parole, or supervised release." United States v. Frazier, 26 F.3d 110, 113 (11th Cir. 1994). The sentencing guidelines themselves "treat[] violations of the conditions of probation and supervised release as functionally equivalent." U.S.S.G. Ch. 7, Pt. B, intro. cmt.

9

Accordingly, we hold that the district court in the present case committed a Jones violation by failing to elicit objections from Jackson after sentencing him following the revocation of his supervised release. Because of the fact-intensive nature of Jackson's argument that the district court erred in considering the drugs and drug paraphernalia found at his home when he was arrested on October 20, 2004 and the paucity of evidence in the record on that issue, we are unable to conduct meaningful appellate review of it. Cf. United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991) (indicating that where a district court commits a "technical violation of Jones," this Court may proceed to the issues raised on appeal if "the record is sufficient for meaningful appellate review"). Therefore, we vacate Jackson's sentence and remand for resentencing.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**